**Duane William MORAN and Marian Thelma Moran, Plaintiffs**

v.

**VERMEER MANUFACTURING COMPANY, Defendant.**

**No. 80–0156–CV–W–5.**

United States District Court, W. D. Missouri, W. D.

Oct. 2, 1980.

---

5.  Any error in the ICC's treatment of the parties' agreement is cognizable on review of the ICC decision.

Paul L. Redfearn, III, William H. Pickett, Kansas City, Mo., for plaintiffs.

John M. Kilroy, William L. Yocum, Kansas City, Mo., for defendant.

## ORDER AND MEMORANDUM

SCOTT O. WRIGHT, District Judge.

Plaintiffs have brought this diversity action seeking damages for personal injuries against defendant Vermeer Manufacturing Company. Plaintiffs are both residents of North Dakota, and defendant is an Iowa corporation incorporated under the laws of the State of Iowa with its principal place of business in Pella, Iowa. Plaintiff, Duane Moran, was injured while using a Model 605C hay baler manufactured and sold by defendant. The injury occurred in Williston, North Dakota.

Defendant has made a special appearance in this action for the limited purpose of moving for dismissal of plaintiffs' complaint and to quash summons. In the alternative, defendant has moved for an order transferring this cause to the United States District Court for the District of North Dakota. Defendant contends that this Court lacks *in personam* jurisdiction because defendant is not doing business in the State of Missouri. Plaintiff contends that defendant is doing business in the State of Missouri by and through its agent, Russell Pence, who is a District Dealer of Vermeer Manufacturing Company. For the reasons stated below, this Court finds that Russell Pence is not an agent of Vermeer Manufacturing Company, and that defendant is not doing business in the State of Missouri within the meaning of Section 506.150 of the Missouri Revised Statutes. Therefore, the service of process on defendant in the State of Missouri is invalid, and defendant's motion to quash summons is sustained. This Court finds that it lacks personal jurisdiction over the defendant, and either the plaintiffs' complaint must be dismissed or the cause must be transferred to a proper forum. For the reasons stated below, this action will be transferred to the United States District Court for the District of North Dakota.

## FINDINGS OF FACT

1. Vermeer Manufacturing Company is an Iowa corporation incorporated under the laws of the State of Iowa with its principal place of business in Pella, Iowa.

2. The plaintiffs are citizens and residents of the State of North Dakota.

3. The occurrence which gave rise to this lawsuit happened in Williston, North Dakota.

4. The only known witness to the event is plaintiff Duane Moran, resident of North Dakota.

5. The treating medical witnesses are located in North Dakota.

6. The defendant's witnesses are located in Pella, Iowa.

7. The plaintiffs expect their expert witnesses to be from the State of Missouri, but to this date none have been named.

8. The defendant expects its expert witnesses to be from Pella, Iowa, but to this date none have been named.

9. Vermeer sells products to distributors in Missouri known as farm dealers and district managers, who in turn resell those products to retail customers.

10. The farm dealers and district managers are not employees of Vermeer, but operate their own separate and independent businesses.

11. Russell Pence is a farm dealer and district manager. Vermeer does not own any interest in the business of Mr. Pence or Pence Tractor Company, nor does it operate the business of or maintain the books and records of Mr. Pence or Pence Tractor Company or any other farm dealer or district manager in Missouri.

12. Mr. Pence has the exclusive supply outlet in his territory for Vermeer equipment. He has a contract with Vermeer to this effect.

13. No farm dealer or district manager in Missouri, including Russell Pence and Pence Tractor Company, is an agent of Vermeer authorized to conduct the business of the corporation or to receive service of process.

14. Vermeer Manufacturing has never been registered to do business in Missouri, and it has never had registered agents in Missouri.

15. Vermeer maintains no office, warehouse or other business facility in Missouri, and does not pay any portion of the rent or mortgage on the business property of Mr. Pence or Pence Tractor Company.

16. Vermeer places no newspaper, television, or radio ads for farm dealers or district managers, but it does place radio advertisements on various Missouri radio stations.

17. Vermeer provides prepared video tapes to farm dealers and district managers to use in their local advertising. Use of the video tapes is optional, and Vermeer does not dictate the amount or method of advertisement used by the farm dealers and district managers.

18. Vermeer provides literature regarding the products it manufactures to farm dealers and district managers, including Mr. Pence.

19. Mr. Pence received service training at Pella, Iowa and he also attended a sales school.

20. All hay balers sold to farm dealers and district managers are sold to them by payment of either a $500 deposit or by payment in full. The $500 deposit is a down payment, and the remaining amount must always be paid by a date certain, whether the hay baler is resold to a retail customer by that time or not. This is true even as to any balers which might be sold on consignment to a farm dealer or to a district manager.

21. Neither Mr. Pence nor Pence Tractor Company has received any balers from Vermeer on consignment in the last two years.

22. Any risk of not being able to resell a baler and any risk of bad debts or bad checks accumulated as a result of the sale of a baler falls upon the farm dealer and district manager and not on Vermeer.

23. The balers shipped to a farm dealer and district manager become the property of that farm dealer or district manager, whether or not they are ever resold to a retail customer.

24. Vermeer does not control the price at which balers are resold by farm dealers and district managers, who are free to sell the balers for whatever price they choose.

25. Farm dealers and district managers are free to sell the products of other manufacturers. Mr. Pence does, in fact, sell the products of other manufacturers.

26. The only employee of Vermeer Manufacturing Company in the distribution chain is a territorial manager. The territorial manager maintains periodic contact with farm dealers and district managers, but only for the purpose of checking on sales. They are not empowered to sell any products themselves, nor do they exert any control over the management of the farm

dealers' and district managers' businesses. These contacts amount to no more than mere solicitation.

27. Neither Mr. Pence nor Pence Tractor Company submits any written report forms to Vermeer concerning the sale of Vermeer products. Vermeer has requested that Mr. Pence do so, but Mr. Pence has declined to comply with that request.

28. Mr. Pence does not consider himself an employee of Vermeer and does not consider that Vermeer has any control over his business except that either Mr. Pence or Vermeer has the right to terminate their contract with each other on fifteen days notice.

29. Mr. Pence carries his own products liability insurance through a company in Richmond. Vermeer has a program whereby they provide the dealers with some coverage against product liability costs. Mr. Pence received forms from Vermeer concerning this insurance, but Mr. Pence chose not to fill them out or return them to Vermeer, and he does not know whether he is covered by Vermeer's product liability insurance program.

30. Vermeer does not provide any type of health insurance benefits or group life insurance benefits to the farm dealers or district managers.

## CONCLUSIONS OF LAW

1. Vermeer Manufacturing Company is not "doing business" in the State of Missouri within the meaning of Section 506.150 of the Missouri Revised Statutes.

2. This Court has no personal jurisdiction over the defendant in this action.

3. This Court has the power to transfer this cause to a proper forum pursuant to 28 U.S.C. § 1404(a).

## OPINION

■ The question presented by defendant's motion to dismiss is whether this Court has *in personam* jurisdiction over the defendant Vermeer, a foreign corporation. The amenability of a foreign corporation to the jurisdiction of a federal district court is controlled by the law of the state in which the federal court sits. *Simpkins v. Council Manufacturing Corporation*, 332 F.2d 733 (8th Cir. 1964); *Farmland Industries, Inc. v. Seaboard Coastline Railroad Company*, 490 F.Supp. 438 (W.D.Mo.1980); *Wooldridge v. Beech Aircraft Corporation*, 479 F.Supp. 1041 (W.D.Mo.1979).

■ Plaintiffs argue that defendant is amenable to the jurisdiction of Missouri courts and, therefore, amenable to the jurisdiction of this Court under Section 506.-150(3) of the Missouri Revised Statutes, which is the general service of process statute.[1] This section provides:

The summons and petition shall be served together. Service shall be made as follows:

. . . . .

(3) Upon a domestic or foreign corporation ... when by law it may be sued as such, by delivering a copy of the summons and of the petition to an officer, partner, a managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof, or to any other agent authorized by appointment or required by law to receive service of process. . . .

The Missouri courts have interpreted this section to require that the foreign corporation be doing business in this state and that the service of process be upon one of the class authorized to receive it. *Collar v. Peninsular Gas Company*, 295 S.W.2d 88, 91 (Mo.1956); *Ponder v. Aamco Automatic*

1. In plaintiffs' original complaint, they alleged that service of process on Vermeer would be proper under RSMo §§ 506.500 and 506.510 (Supp.1980), which is the Missouri Long–Arm Statute. However, plaintiffs now concede that this was in error because the event in question did not arise out of any activities carried on by defendant in the State of Missouri. Therefore, any service of process obtained outside the state was invalid, and if valid service of process was obtained at all, it had to have been obtained within the State of Missouri under the general service of process statute.

*Transmission, Inc.*, 536 S.W.2d 888 (Mo.App. 1976). Plaintiffs argue that Vermeer was doing business in this state by and through its agent Russell Pence, a district manager for Vermeer in Missouri. Mr. Pence was served with process by plaintiffs pursuant to Section 506.150(3). Defendants contend that Mr. Pence is not an agent for Vermeer, but an independent businessman in a buyer–seller relationship with Vermeer, and, therefore, the service of process on Mr. Pence was invalid. The Court must determine whether the activities of Vermeer in Missouri through Mr. Pence sufficiently satisfies the "doing business" test which Missouri applies under Section 506.150(3).

■ The leading Missouri case on this issue is *Ponder v. Aamco Automatic Transmission, Inc.*, 536 S.W.2d 888 (Mo.App.1976). The *Ponder* decision makes it clear that Missouri recognizes two separate "doing business" tests. The "doing business" test Missouri applies under Sections 506.500 and 506.510 (Missouri's Long–Arm Statute) is a very liberal test which conforms with the minimum federal due process requirements. Understandably, Missouri has a greater interest in litigating actions which arose out of activities conducted in the state. On the other hand, the "doing business" test applied by Missouri under Section 506.150(3) (the general service of process statute) is a much more restrictive test which requires a finding that "an independent business [is] so far under the control of the foreign company that the dealer becomes merely a conduit for the passage of goods from the foreign manufacturer to the consumer . . ." 536 S.W.2d at 891.

Therefore, the degree of control which Vermeer exerts over Mr. Pence and Pence Tractor Company is the determinative issue. Whether Vermeer exerts sufficient control to satisfy the more restrictive, traditional "doing business" test is best judged by comparing the facts of *Ponder* to the facts of the present case. An excellent and thorough discussion of the *Ponder* decision was written by the Honorable Russell G. Clark in *Wooldridge v. Beech Aircraft Corp.*, 479 F.Supp. 1041 (W.D.Mo.1979), and there is no need for this Court to engage in a similar lengthy discussion. However, a brief comparison of both *Ponder* and *Wooldridge* to this case is in order.

In both *Ponder* and *Wooldridge*, the respective courts found that they lacked *in personam* jurisdiction over the defendants under Section 506.150(3) because the defendants were not doing business within the State of Missouri as required by that statute. A comparison of the facts of these two cases with the facts of the pending case reveals that the control exerted by Vermeer over the businesses of the district managers and farm dealers, including Mr. Pence, is substantially similar to and even less restrictive than the control exerted by the manufacturers in *Ponder* and *Wooldridge*.

The similarities between the facts of the *Ponder* and *Wooldridge* cases and the pending case are as follows:

1. In *Ponder*, as in the pending case, the parties understood that the distributors (district managers and farm dealers) would be completely independent businesses.

2. The distributors were not authorized to act as agents of the manufacturer or to receive service of process on its behalf.

3. The distributors were required to maintain a service center and offer certain guarantees and warranties to the public.

4. The distributor sets its own prices for resale of the goods, although in *Wooldridge*, as in the pending case, the manufacturer provided a list of suggested prices.

5. The distributors maintained their own business books and records.

6. The manufacturers participated to some extent in the advertising for the products sold by the distributor, but not all of the advertising was done at the manufacturer's expense.

7. The distributors were all required to report to the manufacturers regarding sales and marketing information. Mr. Pence declined to submit these written reports which necessitated telephone calls from Vermeer to obtain this information.

8. In *Ponder*, as in the pending case, a certain percentage of sales receipts were sent to the manufacturer, and the distributor controlled the selection and compensation of its own employees.

9. In *Wooldridge*, as in the pending case, the distributor was required to attend periodic meetings held at the headquarters of the manufacturer.

■ The following facts show that Vermeer exerted even less control over the district managers and farm dealers than did the manufacturers over the distributors in *Ponder* and *Wooldridge*.

In *Ponder*, the distributor was required to make consumer credit available to buyers of its products, to set the distributor's hours of operations according to the wishes of the manufacturer, and to have only the manufacturer's name displayed on the distributor's premises. There is no evidence that Vermeer had any of these requirements.

In *Wooldridge*, the distributor was required to obtain the manufacturer's consent before effecting any change in ownership or management or any relocation of the distributor's facilities, to display any product identification signs which the manufacturer deemed necessary, and to indemnify the manufacturer for any liability that might attach to the manufacturer as a result of the distributor's operation. Again, there is no evidence that Vermeer imposed any of these requirements on the district managers and farm dealers.

The only fact present in the pending case that was not present in *Ponder* and *Wooldridge* is that Vermeer, at one time, may have shipped balers to Pence Tractor Company on consignment. However, this fact is of no significance. Mr. Pence testified in his deposition that he had not received a baler on consignment from Vermeer in the last two years, and the operative question is whether Vermeer was doing business in Missouri at the time suit was filed, not two years before.

While variations do exist between the degree of control exercised by the manufacturers in *Ponder* and *Wooldridge* and the degree of control exercised by Vermeer, the Court finds that the degree of control exercised in all three instances are substantially similar, and in certain respects, control is less restrictive in the pending case. The Court concludes that Mr. Pence is not an agent for Vermeer for the purpose of Section 506.150 under the rationale of the *Ponder* and *Wooldridge* decisions.

Plaintiffs argue that the *Ponder* decision does not impose a more restrictive "doing business" test in actions commenced under Section 506.150, and the *Wooldridge* decision is wrong in interpreting it so. Plaintiffs rely primarily on three Missouri cases to support their conclusion that Vermeer is doing business in Missouri, i. e., *Morrow v. Caloric Appliance Corporation*, 372 S.W.2d 41 (Mo.1963); *Ward v. Cook United, Inc.*, 521 S.W.2d 461 (Mo.App.1975); and *Racine v. Blackwood Brothers Quartet, Inc.*, 448 S.W.2d 922 (Mo.App.1969). The plaintiffs' argument is without merit because in all three cases the cause of action arose out of activities carried on by the defendant in Missouri. This difference is critical because the Missouri courts consider the origin of the cause of action to be a most significant factor in determining the question of personal jurisdiction over foreign corporations. *Jennings v. McCall Corporation*, 320 F.2d 64, 71–72 (8th Cir. 1963); *Farmland Industries, Inc. v. Seaboard Coastline Railroad Company, supra*, 490 F.Supp. at 441. The Missouri decisions clearly imply that Missouri has no interest in serving as a forum for claims that are totally unrelated to any activity carried out in Missouri. *Hayman v. Southern Pacific Company*, 278 S.W.2d 749 (Mo.1955); *see also, Farmland Industries, Inc. v. Seaboard Coastline Railroad Company, supra*, 490 F.Supp. at 441.

■ The evidence in this case and the law enunciated in *Ponder* and *Wooldridge* compel this Court to find that it lacks *in personam* jurisdiction over the defendant Vermeer Manufacturing Company. The relationship between Vermeer and Pence Tractor Company was one of purchaser and seller, not one of agent and principal. Vermeer was not "doing business" within the

State of Missouri as required under Section 506.150(3), and, therefore, the service of process on Mr. Pence was invalid, and defendant's motion to quash summons is sustained.

## TRANSFER

▮ A finding that this Court does not have *in personam* jurisdiction over the defendant does not preclude the transfer of plaintiffs' action to a proper forum. *Wooldridge v. Beech Aircraft Corporation, supra,* 479 F.Supp. at 1057. Defendant has alternatively moved for an order pursuant to 28 U.S.C. § 1404(a) transferring this action to the United States District Court for the District of North Dakota for the following reasons:

1. Plaintiffs could have brought the action in North Dakota because all the plaintiffs reside there, and the claim arose there.

2. A transfer to North Dakota would be for the convenience of the parties. The plaintiffs reside in North Dakota, and the defendant prefers to have the case heard there.

3. Such a transfer would be for the convenience of the witnesses. All of the presently known witnesses reside in North Dakota.

4. Such a transfer would be in the interest of justice. Much or all of the evidence is located in North Dakota, and the trial can be most expeditiously conducted there.

The Court agrees with all of the defendant's reasons for transfer and additionally finds that transferring plaintiffs' action is preferable to dismissing it, which is the only other alternative available to the Court.

Plaintiffs have given this Court basically three reasons why this action should not be transferred:

(1) because a Missouri forum is more convenient for plaintiffs' counsel;

(2) because a Missouri forum is more favorable than a North Dakota forum;[2] and

(3) because pending in the United States District Court for the Western District of Missouri is a case that also involves an injury allegedly caused by a round hay baler against Vermeer Manufacturing Company, *Craig v. Vermeer Manufacturing Company, et al.,* No. 80–0305–CV–W–6. Plaintiff contends that these two cases should be consolidated for the purposes of discovery in order to save time and money for both parties.

▮ The plaintiffs' first two reasons are totally without merit. First, convenience of plaintiffs' counsel is not a valid reason not to transfer this action when all other considerations so strongly favor transfer. Second, plaintiffs' blatant attempt at forum shopping is highly disapproved by this Court and deserves no consideration whatsoever.

▮ Plaintiffs' final argument also deserves little attention. Plaintiffs contend that this case and the *Craig* case should be consolidated for purposes of discovery. The Court has reviewed the file on the *Craig* case and has found the following:

(1) *Craig* involves a cause of action which arose in the State of Missouri.

(2) *Craig* involves a personal injury allegedly caused by a round hay baler which was neither sold nor manufactured by Vermeer and which was a different model number than the one in the pending case.

(3) Plaintiff in *Craig* claims that Vermeer provided the design of the hay baler in question and that it is similar to the design of the hay baler in the pending case, but Vermeer denies both allegations.

---

2. The plaintiffs stated the following on page 26 of their Suggestions in Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint for Personal Injuries and to Quash Summons, filed June 16, 1980:

"With respect to venue, plaintiffs would frankly state that they desire to keep the action in the State of Missouri because it is a more favorable forum than is North Dakota. North Dakota is a farming community and the laudable purposes behind safety as developed in product's liability law are not as well recognized as they are in the State of Missouri. Therefore, plaintiffs' choice of venue is certainly not arbitrary or sought merely for the purposes of harassing the defendant."

Under these circumstances, the plaintiff may be assured that this Court would not consider consolidating these two cases for any purpose.

Even if the Court had found that jurisdiction was proper in this District, there is no question that this Court would have been compelled to transfer this cause to the District of North Dakota. Plaintiff has not cited one persuasive reason why this case should remain in Missouri, and all of the considerations listed in 28 U.S.C. § 1404(a) weigh heavily in favor of transfer. Discussing the pros and cons of transfer, however, is purely academic because this Court does not have jurisdiction, and the case must be either dismissed or transferred.

For the foregoing reasons, it is hereby

ORDERED that defendant's motion to quash summons is sustained because this Court lacks *in personam* jurisdiction over the defendant. It is further

ORDERED that the plaintiffs' cause of action styled *Duane William Moran, et al. v. Vermeer Manufacturing Company*, No. 80–0156–CV–W–5, is to be transferred to the United States District Court for the District of North Dakota thirty (30) days from the date of this order, but such transfer will be stayed if an appeal or other relief is sought from the Eighth Circuit Court of Appeals.