**Christopher M. SNOWDEN, a minor, by and through his Natural Guardian and Next Friend, Teresa A. (Snowden) VICTOR; and United States of America, Plaintiffs,**

v.

**CONNAUGHT LABORATORIES, INC., a Delaware Corporation; and Connaught Laboratories, Inc., a Canadian Corporation, Defendants.**

Civ. A. No. 89–1341–T.

United States District Court, D. Kansas.

July 29, 1991.

Andrew W. Hutton, Michaud, Hutton & Bradshaw, Wichita, Kan., for Christopher M. Snowden and Teresa A. (Snowden) Victor.

Ted Warshafsky, Warshafsky, Rotter, Tarnoff, Gesler, Reindhardt & Bloch, S.C., Milwaukee, Wis., for U.S.

Jay B. White, Pete Silva, Jr., James W. Connor, Jr., Mike Barkley, Barkley, Rodolf, Silva, McCarthy & Rodolf, Tulsa, Okl., Thomas J. Lasater, Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., for Connaught Laboratories, Ltd.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the application for rehearing and reconsideration filed by defendant Connaught Laboratories, Ltd. ("Connaught Ltd."). Doc. 150. Connaught Ltd. cites Fed.R.Civ.P. 76(b), which applies to a stay of a judgment of the magistrate entered following a trial to the magistrate by consent of the parties. The cited rule is completely inapplicable here. Connaught Ltd.'s motion is, however, timely as a motion to reconsider. D.Kan. Rule 206(f).

 The refusal to grant relief in a motion to reconsider is reviewed under an abuse of discretion standard. *See Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988). A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan. 1990); *Taliaferro v. City of Kansas City,* 128 F.R.D. 675, 677 (D.Kan.1989). An improper use of the motion to reconsider "can waste judicial resources and obstruct the efficient administration of justice." *United States ex rel. Houck v. Folding Carton Administration Committee,* 121 F.R.D. 69, 71 (N.D.Ill.1988). Thus, a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a mo-

tion to reconsider. *Renfro v. City of Emporia,* 732 F.Supp. 1116, 1117 (D.Kan. 1990); *Butler v. Sentry Insurance,* 640 F.Supp. 806, 812 (N.D.Ill.1986). The court is not required to supply the rationale that the parties were unable to find. *See Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir.1991) ("court will not construct arguments or theories for the [litigants] in the absence of any discussion of those issues").

■ Connaught Ltd. seeks reconsideration of the court's order of June 6, 1991 (Doc. 149) 136 F.R.D. 694, which overruled its objections to an order of the magistrate. Connaught Ltd. requests reconsideration on the basis of newly discovered Canadian law. *See* Doc. 151, p. 1. The court must reject this attempt to construct a new argument at this late stage. The defendant had ample opportunity to raise any applicable Canadian law during the briefing on plaintiff's motion to compel and its motion to review the magistrate's order. Defendant's newly discovered law has been discovered too late to be of help to it. The defendant has not provided any excuse or justification for its failure to discover this Canadian law and raise this argument in the first instance. Until this point, there has been no mention of the applicability of any Canadian law. In fact, the parties have stipulated to the applicability of Alaska law in this diversity case. *See* Pretrial Order, Doc. 140. The court shall deny the motion to reconsider.

■ In the alternative and on the merits, the court would reject Connaught Ltd.'s arguments. Connaught Ltd. states that it is a Canadian corporation incorporated under the laws of Canada and has its principal place of business in Toronto, Ontario, Canada. Connaught Ltd. seeks to advise the court "of the existence and importance of the Business Records Protection Act of Ontario, Ont. Rev.Stat. Ch. 56, Sections 1 through 3 ..." *Id.* Connaught Ltd. has attached a copy of this statute to its brief. The Business Records Protection Act provides in part:

1. No person shall, pursuant to or under or in a manner that would be consist-

ent with compliance with any requirement, order, direction or subpoena of any legislative, administrative or judicial authority in any jurisdiction outside Ontario, take or cause to be taken, send or cause to be sent or remove or cause to be removed from a point in Ontario to a point outside Ontario, any account, balance sheet, profit and loss statement or inventory or any resume or digest thereof or any other record, statement, report, or material in any way relating to any business carried on in Ontario, unless such taking, sending or removal,

(a) is consistent with and forms part of a regular practice of furnishing to a head office or parent company or organization outside Ontario material relating to a branch or subsidiary company or organization carrying on business in Ontario;

(b) is done by or on behalf of a company or person as defined in the Securities Act, carrying on business in Ontario and as to a jurisdiction outside Ontario in which the securities of the company or person have been qualified for sale with the consent of the company or person;

(c) is done by or on behalf of a company or person as defined in the Securities Act, carrying on business in Ontario as a dealer or salesman as defined in the Securities Act, and as to a jurisdiction outside Ontario in which the company or person has been registered or is otherwise qualified to carry on business as a dealer or salesman, as the case may be; or

(d) is provided for by or under any law of Ontario or of the Parliament of Canada.

Ont.Rev.Stat. ch. 56, § 1.

According to the defendant, the statute has not been judicially construed, although it apparently has been on the books for over two decades. The court suspects that the statute most likely has not been strictly enforced. The court further suspects that this Canadian statute was passed to thwart the attempts of American courts to order

discovery in cases involving Canadian defendants.

The court has examined the case cited by defendant, *Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522, 107 S.Ct. 2542, 96 L.Ed.2d 461 (1987). The Supreme Court therein held that the Hague Convention does not deprive a district court of the jurisdiction it otherwise possesses to order a foreign national party before it to produce evidence physically located within a signatory nation. *Id.* at 539–40, 107 S.Ct. at 2553–54. The court finds the *Societe Nationale Industrielle Aerospatiale* case to be distinguishable principally because it deals with the Hague Convention, a treaty. The Hague Convention is not alleged to be applicable here. Additionally, as the Supreme Court noted, "blocking statutes," which prohibit discovery ordered by an American court, do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute. *Id.* at 544 n. 29, 107 S.Ct. at 2556 n. 29 (citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 204–06, 78 S.Ct. 1087, 1091–93, 2 L.Ed.2d 1255 (1958)). This court has the power to order discovery pursuant to the Federal Rules of Civil Procedure, notwithstanding any Canadian law to the contrary. The court chooses to exercise this power to order the defendant Connaught Ltd. to comply with the discovery which has previously been ordered. Accordingly, the defendant's motion to reconsider shall be denied.

IT IS BY THE COURT THEREFORE ORDERED that defendant Connaught Laboratories, Ltd.'s application for rehearing and reconsideration (Doc. 150) is hereby denied.