**Joshua STUDDARD, a minor, By and Through his Natural Guardians and Next Friends, Albert and Vicky STUDDARD, Plaintiff,**

v.

**CONNAUGHT LABORATORIES, INC., a Delaware Corporation; Connaught Laboratories, Ltd., a Canadian Corporation, Defendants.**

Civ. A. No. 91–1075–B.

United States District Court, D. Kansas.

June 4, 1992.

Andrew W. Hutton, Michaud, Hutton & Bradshaw, Wichita, Kan., Ted Warshafsky, Warshafsky, Rotter, Tarnoff, Gesler, Reindhardt & Bloch, S.C., Milwaukee, Wis., for plaintiff.

William L. Oliver, Jr., David S. Wooding, Martin, Pringle, Oliver, Wallace & Swartz, Wichita, Kan., Jeffrey S Detlefs, Marsha Piccone, Weller, Friedrich, Ward & Andrew, Denver, Colo., for defendants.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter is before the court on the motion of defendants for transfer to the United States District Court for the Eastern District of Missouri. In this diversity action, plaintiff alleges injuries resulting from a Diphtheria, Tetanus, and Pertussis ("DTP") vaccine manufactured by defendants.

■ Plaintiff and his parents reside in Rolla, Missouri near St. Louis. They were also living there at the time the DTP vaccine was administered to Joshua. All of the doctors who have treated plaintiff for his injuries, and the medical facilities where plaintiff has received treatment, are located in the Eastern District of Missouri. No fact witnesses resides in Kansas. In short, neither the parties, the witnesses, nor the events of this case have any connection to Kansas. There is no allegation that the court does not have personal jurisdiction over defendants, which, under 28 U.S.C. § 1391, makes this District an appropriate venue. There is also no question that Missouri tort law applies to this action.

■ Defendants move for transfer pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The plaintiff's choice of forum is generally honored and should be disturbed only when consideration of all relevant factors strikes a balance that strongly favors the defendant. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Allstate Ins. Co. v. Employers Reinsurance Corp.*, 715 F.Supp. 1502 (D.Kan. 1989); *Dow Chem. Corp. v. Weevil–Cide Co.*, 630 F.Supp. 125, 130 (D.Kan.1986); *Grimandi v. Beech Aircraft Corp.*, 512 F.Supp. 764, 777 (D.Kan.1981).

> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967)). Each case must be decided "according to an 'individualized, case-by-case consideration of convenience and fairness.' " *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)).

■ Only one factor relating to "convenience" favors a Kansas forum for this case: one of plaintiff's lawyers resides in Wichita. In the court's view, however, convenience of counsel is entitled to little, if any, weight in ruling on a § 1404(a) transfer. *See Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D.Mass.1991); *Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F.Supp. 1429, 1437 n. 7 (D.Del.1989); *Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 621 F.Supp. 780, 782 (N.D.Ill.1985); *Ayers v. Arabian Am. Oil Co.*, 571 F.Supp. 707, 709 n. 1 (S.D.N.Y.1983); *Moran v. Vermeer Mfg. Co.*, 498 F.Supp. 1274, 1281 (W.D.Mo.1980); *Lee v. Hunt*, 410 F.Supp. 329, 335 (M.D.La. 1976); *cf. Blumenthal v. Management Assistance, Inc.*, 480 F.Supp. 470, 474 (N.D.Ill.1979) (convenience of counsel may be factor bearing upon cost of litigation); *American Can Co. v. Crown Cork & Seal Co.*, 433 F.Supp. 333, 339 (E.D.Wis.1977). This is particularly so when no other factors weigh in favor of plaintiff's choice of forum.

Plaintiff also claims that there is a 3.5% greater case load per Judge in the Eastern District of Missouri than in the District of Kansas, and that a similar case is pending in the District of Kansas against the same defendants. *See Snowden v. Connaught Laboratories, Inc.*, 138 F.R.D. 138 (D.Kan. 1991). As plaintiff notes, however, no party in the *Snowden* case has moved for a § 1404(a) transfer. Nor is the court persuaded that a minimal statistical discrepancy between the two districts is sufficient to overcome the fact that this case has no relation to Kansas—other than the presence of one lawyer for one of the parties. Although the court normally gives great deference to the plaintiff's choice of forum, this "choice is given less weight when the plaintiff is a non-resident of the chosen forum, ... and where the cause of action did not conclusively arise in the chosen forum." *Countryman v. Stein Roe & Farnham*, 681 F.Supp. 479, 482–83 (N.D.Ill.1987) (citing *Koster v. Mutual Casualty Co.*, 330 U.S. 518, 525–26, 67 S.Ct. 828, 832, 91 L.Ed. 1067 (1947)).

The relevant factors strongly favor transfer of this case to the Eastern District of Missouri. Plaintiff received his injuries in the Eastern District of Missouri, and he and his parents continue to reside there. All fact witnesses in this case appear to reside in the Eastern District of Missouri. Because the fact witnesses are beyond this court's compulsory process powers, defendants' ability to present their case with live witnesses is dependent upon the willingness of these witnesses to voluntarily appear. Finally, transfer of this case to the Eastern District of Missouri will carry the advantage of having a Missouri federal court preside over a case applying Missouri law. Considering all the relevant factors, the court finds that transfer is appropriate.

Pursuant to the court's directive in *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1517 (10th Cir. 1991), the court will order the Clerk to defer the transfer of the file of this case for 10 work days, thus allowing plaintiff the opportunity to challenge this ruling within this circuit.

Accordingly, the Court hereby grants defendants' motion to transfer. (Doc. 22). Pursuant to 28 U.S.C. § 1404(a), the Clerk shall transfer the file of this case to the United States District Court for the Eastern District of Missouri, St. Louis Division. The Clerk shall not effect this transfer until June 19, 1992. The filing of any further motion with this case shall automatically stay this order of transfer until further order of the Court.

IT IS SO ORDERED.