**GENERAL PORTLAND CEMENT CO. v. PERRY.**

No. 10785.

United States Court of Appeals Seventh Circuit.

May 11, 1953.

John C. Menk, Chicago, Ill., for petitioner.

William C. Wines, Chicago, Ill., for respondent.

Before MAJOR, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

The petitioner, General Portland Cement Company, seeks in this court a writ of mandamus directing District Judge J. Sam Perry to vacate an order entered by him on December 5, 1952, in the case entitled John H. Stanford v. General Portland Cement Company, Civil Action No. 52–C–1235, now pending in the United States District Court for the Northern District of Illinois, Eastern Division, which order denied the motion by the defendant therein for an order transferring the cause to the United States District Court for the Northern District of Texas, Dallas Division. The petition also asked that Judge Perry be directed to grant said motion and to transfer said cause to the Texas court pursuant to section 1404(a) of Title 28, United States Code Annotated.

In its petition here the petitioner alleges that the action is one for damages for personal injuries which the plaintiff sustained in an accident which occurred at the plant of the Trinity Portland Cement Division of the defendant company in Dallas, Texas, on June 14, 1951; that the plaintiff originally filed the action in the United States District Court for the Northern District of Texas, Fort Worth Division; that the defendant, this petitioner, then filed a motion to have the cause transferred to the Dallas Division in the same District but that that motion was never heard; and that the cause was later dismissed for want of prosecution. The petitioner alleges that later the plaintiff refiled the case in the United States District Court for the Northern District of Illinois, Eastern Division, and that the defendant (petitioner) then filed its motion to transfer the case back down to the Northern District of Texas, Dallas Division.

A copy of the defendant's motion to transfer, a copy of the affidavit in support of that motion and a copy of the counteraffidavit of the plaintiff are attached, as exhibits, to the petition.

The affidavit of the petitioner's attorney states that the action is an action to recover damages for personal injuries sustained by the plaintiff at the defendant's plant in Dallas, Texas; that the plaintiff is a resident of Dallas; that the defendant is licensed to do business in the State of Texas and that its principal place of business in Texas is Dallas; that there are 19 lay witnesses, all having personal knowledge of the facts material to the issues in the law suit and each of whom has knowledge of facts not known by the others, whose presence and testimony are essential to the defense of this case; that 13 of these witnesses live in Dallas and the remainder in close proximity to Dallas; that the plaintiff was hospitalized in Dallas and was attended and treated by doctors residing there; that the testimony of many of the lay witnesses, the testimony of the doctors and the production of hospital and other medical records can be obtained only by subpoena; and that the legal process of the District Court in Illinois does not extend to Dallas, Texas. This affidavit further states that the distance between Chicago, Illinois, and Dallas, Texas, is approximately 986 miles; that the minimum loss of time for each witness attending a trial of this case in Chicago would be five days; that the necessary expense for transportation, maintenance and loss of time for witnesses attending the trial in Chicago would aggregate many thousands of dollars; that there will be no facts to be proved by either party by witnesses residing in Chicago; and that the defendant cannot adequately present its defense at a trial of this cause in Chicago because of the above facts.

The counter-affidavit made by the plaintiff on November 13, 1952, states that the plaintiff "is a citizen of the State of Illinois, residing at 2114 N. Cleveland Avenue, Chicago, Illinois, and has so resided for the past thirty days; having moved his residence permanently to Chicago, Illinois, at said time"; that the plaintiff is 60 years of age and has been engaged in manual labor for his entire working life; that from 1919 to 1936 he resided in various places in the States of New Jersey and New York where he was engaged in construction work and was compelled to move about from place to place according to his opportunities for work; that since 1936 and up until the time of the accident his work has required him to be, for periods of approximately one year or more, in the States of New Mexico, Nebraska, Oklahoma, Arkansas and Idaho; that at many times during the past 15 years he has resided in Chicago for brief periods of time during which times he became acquainted with Bruneau E. Heirich, whom plaintiff chose as his attorney to handle this case.

In his counter-affidavit the plaintiff stated further that the action which he formerly filed in Fort Worth was dismissed on plaintiff's instructions and with his consent because his attorney, Mr. Heirich, was unable to prosecute and try the case in the State of Texas, either in Fort Worth or in Dallas, because of the combined actions of the Bar Association of the State of Texas and the District Court Judges in refusing to permit attorneys from other states to try personal injury suits in the Texas courts. The affidavit of the plaintiff further alleges that the location of the principal office of the defendant and the homes of its officers are in Chicago; that the affiant is without funds, is destitute and has no employment; and that it would be a great hardship on him if the cause is removed from the Northern District of Illinois. The plaintiff further stated that at the time of the accident in question there were no eye witnesses in the immediate vicinity where the accident occurred, that there were no attendants or witnesses on the remotely controlled conveyor car which struck him and that it was a matter of some minutes before anyone came to his assistance after the accident happened.

District Judge Perry, on November 18, 1952, held a hearing on the defendant's motion to transfer the cause back to Texas. This hearing consisted only of arguments by counsel for the defendant and for the plaintiff. No evidence was introduced by either party but Judge Perry had before him the pleadings filed by the parties in the District Court, including the motion to transfer with the attached affidavit of the attorney for the defendant and the affidavit of the plaintiff. Judge Perry was also furnished briefs by counsel for the parties.

■ If this court has the power to mandate the District Judge in a case such as this, which some of the decisions seem to deny, such power may only be used after our determination, from a consideration of the matters which were presented to him and which he considered or should have considered, that the District Judge abused his discretion in failing to order the transfer.

The statute authorizing such a transfer provides that:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a).

■ Admittedly the action at the time it was brought could have been filed in the Northern District of Texas, Dallas Division, where at that time the plaintiff was a resident and the defendant had its principal place of business in Texas. The petitioner admits, as indeed it must, that "the District Judge is unquestionably vested with a wide area of discretion in determining whether or not a case should be transferred under the provisions of Section 1404(a)." But the petitioner insists that in the instant case the action of Judge Perry in denying the transfer amounted to an abuse of his discretion.

In Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, a petition for a writ of mandamus to require a District Judge to grant a transfer pursuant to section 1404(a) was re-

fused. The court there, after pointing out, 182 F.2d at page 330, that while "We recognize that the dividing line is by no means entirely clear between the power of this court and its lack of power to issue the writ", proceeded to consider the question of whether the District Judge abused his discretion. The court said that it considered these words, used in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, to the effect that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed", as still having vitality. In that case Judge Frank thought that the Court of Appeals, recognizing that the District Judge must guess, "should accept his guess unless it is too wild." 182 F.2d at page 332, Judge Hand concurred solely on the grounds that he was "not persuaded that the balance of convenience is strong enough to declare 'clearly erroneous' the finding of the district judge that the defendants have not overcome the handicap of § 15 [giving the plaintiff the choice of forum]." Judge Swan, on the other hand, agreed to the denial of the petition on the ground that the court lacked the power to grant it.

Can we say in the instant case that the defendant has given us sufficient grounds for saying that Judge Perry's denial of the transfer was so "clearly erroneous" as to amount to an abuse of his discretion?

■ All of the decisions we have found on this question recognize the rule that the plaintiff's choice of forum should not be set aside unless the balance as to the convenience of the parties and the witnesses is strongly in favor of the defendant. For example see Nicol v. Koscinski, 6 Cir., 188 F.2d 537; International Union of Electrical Radio & Machine Workers, C. I. O. v. United Electrical, Radio & Machine Workers of America, 6 Cir., 192 F.2d 847, 851.

In the affidavit of the defendant's attorney supporting the motion for transfer he says that he has 19 witnesses from Texas which he will need and will use in the trial of the case and that there are no witnesses residing in Chicago. On the other hand, the plaintiff's affidavit opposing the transfer states that there were no eye witnesses in the vicinity at the time the accident occurred and that there were no attendants or witnesses on the remotely controlled conveyor car which struck him and caused his injuries. Although the defendant's attorney said at the hearing before Judge Perry that he had the written statements of his 19 witnesses with him, he neither introduced the statements into evidence, gave the names of the witnesses nor indicated what their testimony would be. At the close of the hearing the defendant's attorney did hand to Judge Perry some papers which he said were the statements of his witnesses but, according to Judge Perry's answer filed in this court, he (Judge Perry) decided as he started to read one of the statements that it would be unfair to the plaintiff to read the statements and possibly be influenced by them when they were not a matter of record and their contents were not known to the plaintiff.

■ The question of convenience of the witnesses was one of the vital issues presented by the defendant's motion to transfer. In our opinion the defendant failed to sufficiently show the necessity for the testimony of his witnesses. In Goodman v. Southern Ry. Co., D.C.S.D.N.Y., 99 F.Supp. 852, the defendant, in its affidavit attached to a motion for transfer of the cause from a District Court in New York to a District Court in South Carolina, listed the names of 20 witnesses who were residents of South Carolina who would be used on the trial and opposite their names gave a "capsule description of the part they might play in the case." In opposition the plaintiff alleged that there were not more than four eye witnesses to the accident, that she had several witnesses living in New York, where the action was brought, and that the defendant was better able to bear the expense of transportation of witnesses than she was. The court denied the transfer on the ground that the defendant had not given sufficient information as to what the witnesses would testify and as to how essential they all were to the trial and had, therefore, failed to sustain its burden of proof.

Again in Jenkins v. Wilson Freight Forwarding Co., D.C.S.D.N.Y., 104 F.Supp. 422, at page 424, in an opinion denying a

transfer requested under Section 1404(a), the court said:

"The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. The emphasis must be on this rather than on numbers."

In the pleadings which the defendant filed in this court it emphasized the fact that the plaintiff's injuries had been treated in a Dallas hospital by doctors who were residents of Dallas and that the testimony of these doctors and the hospital records were necessary to dispute the injuries claimed by the plaintiff in his complaint. Since we do not have the plaintiff's complaint before us to show what injuries he claimed, and since we are not apprised of what the doctors would say in their testimony or what the hospital records would show, we are in no position to pass on that question.

So in the instant case we think that the affidavit of the plaintiff, stating that there were no eye witnesses to the accident and that he was then a resident of Chicago, considered together with the failure of the defendant to give the names of its witnesses, to indicate what their testimony would be, to show how vital that testimony would be to the defense of the case and to show why the depositions of these witnesses could not be used successfully, furnished a reasonable basis for Judge Perry to find that the defendant failed to sustain its burden of showing that the balance as to the convenience of the witnesses was so strongly in favor of the defendant as to overcome the weight to be given to the plaintiff's choice of forum.

In its reply brief the defendant says that Judge Perry at no time ever requested the defendant to introduce the statements of its witness, or a summary thereof, into evidence. While that is true, attorneys for the plaintiff in the hearing in the District Court complained that without the statements being in the record, the plaintiff would have no basis for appeal if Judge Perry decided against the plaintiff on the motion. After this discussion Judge Perry properly said: "I never try to tell a lawyer how he should try his case."

As to the convenience of the parties, we think it even more clear that the defendant did not sustain its burden of proof. The defendant showed that a trial of the case in Chicago would be much more expensive for it than one in Dallas, and that if it won the case it would probably be impossible to recover such expenses. As against this, the plaintiff stated in his affidavit that he was a resident of Chicago, that he was without funds, was destitute, had no employment and that it would be a great hardship on him to transfer the case to Dallas. We can understand why the District Judge under these facts might have considered that the balance of convenience, as between the parties, was in favor of the plaintiff, instead of the defendant, and that the transfer of the cause to Texas might well have made it impossible for the plaintiff to prosecute his cause of action for damages for his admittedly serious injuries. Such a denial of the plaintiff's cause of action could not be "in the interest of justice."

■ During the hearing before Judge Perry the defendant questioned the good faith of the plaintiff's having moved to Chicago, and charged that the plaintiff at the time of the hearing in the District Court had only been in Chicago about a week. Since this matter has been before this court the defendant sought to file, as a part of the record here, an additional affidavit which purported to show the results of a further investigation recently conducted in Texas concerning the present residence of the plaintiff. Such an affidavit, which was not before the District Judge when he considered the motion to transfer, could, of course, not be considered by this court in determining whether the District Judge abused his discretion.

The petition for writ of mandamus is

Denied.