Milton M. BLUMENTHAL and Arthur F. Schwartz, Individually and in a representative capacity on behalf of all other persons similarly situated

v.

MANAGEMENT ASSISTANCE, INC., a corporation, Defendant.

No. 75 C 4208.

United States District Court, N. D. Illinois, E. D.

Oct. 3, 1979.

Harry A. Young, Jr., Robert J. Lifton, William E. Lasko, II, Neistein, Richman, Hauslinger & Young, Chicago, Ill., for plaintiff.

Mark F. Mehlman, Jeffrey Lennard, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., Frank H. Wohl, Rosenman, Colin, Freund, Lewis & Cohen, New York City, for defendant.

## ORDER

ROSZKOWSKI, District Judge.

This cause comes before us on defendant Management Assistance, Inc.'s ("MAI") motion to transfer this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). For the reasons set forth·below, this motion is denied.

The complaint in this case was filed in December of 1975. In January, 1977, plaintiffs were allowed to proceed as a class. Document discovery by the plaintiffs proceeded in New York during this time. Defendant's motion for summary judgment was denied in November, 1978. Defendant has previously filed a motion to transfer the case to New York. The motion was filed December 16, 1975, ten days after the case was filed. At a hearing before the court on December 19, 1975, MAI was given leave to withdraw its motion without prejudice, which it did. It has now renewed this motion.

Section 1404(a) of the Judicial Code, 28 U.S.C. § 1404(a), gives the court broad discretion to transfer this action to "any district . . . where it might have been brought," provided that transfer would be "(f)or the convenience of parties and witnesses" and "in the interest of justice."

There is no dispute between the parties that the action "might have been brought" in the Southern District of New York. Thus, the only issue before the court is whether a transfer would be in the interest of justice and for the convenience of parties and witnesses. *Chicago, R. I. & P. R. R. Co. v. Igoe*, 212 F.2d 378 (7th Cir.), *cert. denied*, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955).

■ The court is aware that the defendant has waited three years to bring this transfer motion. Generally, a motion to transfer should be made early in the proceeding. However, a mere passage of time or delay is not alone sufficient to deny a motion to transfer. *Molloy v. Bemis Bros. Bag Co.*, 130 F.Supp. 265 (S.D.N.Y.1955). Therefore, since 1404(a) looks to sound judicial administration, the court may order a transfer whenever the circumstances satisfy the requirement of the section unless the delay would unduly prejudice the other party, increase the expense of litigation or the late motion is merely a dilatory tactic. *Brainard v. Atchison, T. & S. F. Ry. Co.*, 81 F.Supp. 211 (N.D.Ill.1948). Discovery has already been completed and the case will go to trial as soon as the court's calendar allows. There has been no assurance that the suggested transferee court could give an earlier trial. Nevertheless, the delay in filing of the motion is not by itself enough to necessitate its denial.

■ The burden of establishing that the action should be transferred is on the

moving party. *Illinois Tool Works, Inc. v. Sweetheart Plastics, Inc.,* 436 F.2d 1180 (7th Cir. 1971); *U. S. v. E. I. DuPont de Nemours & Co.,* 87 F.Supp. 962 (N.D.Ill. 1950). Before a court can appropriately rule on a motion to transfer, controlling factors relating to the convenience of parties must be considered. *Spound v. Action Industries, Inc.,* 369 F.Supp. 1066 (N.D.Ill. 1974).

■ The exercise of the power to transfer a cause is committed to the sound discretion of the district court after it has reviewed all the circumstances of the case. *General Foods Corp. v. Carnation Co.,* 411 F.2d 528 (7th Cir. 1969). To determine whether the movant has sustained the burden of proving that the court is justified in transferring the cause requires a balancing of all the factors and a clear showing of inconvenience. *SEC v. First National Finance Corp.,* 392 F.Supp. 239 (N.D.Ill.1975).

There is no set formula for combining and weighing the factors requisite to a given result. However, in *Gulf Oil v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Supreme Court emphasized the two basic interests to be considered: 1) the interest of the litigants; 2) the public interest.

■ In weighing the private interests of the litigants, several factors should be considered:

■ (1) Plaintiff's choice of forum in actions commenced in a district court is entitled to weight. *Gallen v. Howard D. Johnson Co.,* 271 F.Supp. 680 (S.D.N.Y.1967). However, plaintiff's choice of a forum becomes substantially less important when he sues representatively on behalf of a class, as the plaintiffs have done in this case. *Firmani v. Clarke,* 325 F.Supp. 689, 691 (D.Del. 1971). This is so because in a class action "any stockholder in the affected class who subsequently chooses to appear might be faced with similar inconveniences, depending on where the action proceeds." *supra.* Plaintiffs point to the fact that Illinois appears to contain more of the class both in number of members and in number of shares of affected stock than any other state. However, a close examination of plaintiff's Exhibit B shows that while Illinois leads in those categories, New York has almost the same numbers of members and shares. The numbers are so close, in fact, that no substantial advantage accrues to the choice of Illinois over New York on that particular point.

The plaintiffs also feel that their choice of forum should receive great weight because venue has been laid in this district pursuant to the special venue provisions of the 1933 Securities Act and the 1934 Securities Exchange Act. However, 28 U.S.C. § 1404(a) expressly applies to "any civil action." *See generally,* 1 Moore's Federal Practice ¶ .145(4–1) at 1590. Further, there is no question that the drafters of section 1404(a) intended it "to be generally applicable to all civil actions, whether governed by general or special venue provisions, and whether the special venue provisions were contained in Title 28 or in other titles of the United States Code." *Id.* at 1593. *See, Smithkline Corporation v. Sterling Drug, Inc.,* 406 F.Supp. 52, 56 (D.Del.1975), *and cases cited therein.* Thus, plaintiffs have the right pursuant to the special venue provisions of § 22(a) of the 1933 Securities Act (15 U.S.C. § 77v(a)) and § 27 of the 1934 Securities Exchange Act (15 U.S.C. § 78aa), to designate the forum of their choice. However, that choice of forum must still be measured by the standards of section 1404(a) should it appear that their choice is inappropriate on grounds of convenience to parties and witnesses or in the "interest of justice."

Because this case is a class action, plaintiffs' choice of forum cannot be accorded great weight. The fact that the action was brought under a special venue statute does not change that result.

(2) Another factor to consider is the relative ease of access to sources of proof in this forum. *Chicago, R. I. & P. R. R. Co. v. Igoe,* 212 F.2d 378 (7th Cir. 1955), *cert. denied,* 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955); *General Signal Corp. v. Western Electric Co., Inc.,* 362 F.Supp. 878 (D.C.Ill.

1973). It is undisputed that the vast bulk of documents are located at MAI's executive offices in New York City. However, in August, 1977, plaintiffs conducted an extensive inspection of defendant's documents in New York. Defendant argues that the plaintiffs, by travelling to New York City for discovery, recognized the substantial inconvenience that would have occurred had MAI been required to produce its documents in Chicago. Plaintiffs now claim to have photocopies of most of the documents they need. Ease of access to documentary evidence is a proper consideration for this court. *Hall v. Kittay*, 396 F.Supp. 261 (D.C. Del.1975). Another consideration is the vast bulk of the documents. *Polin v. Cunductron Corp.*, 340 F.Supp. 602 (D.C.Pa. 1972). The fact remains that defendant may need a large number of the documents for its defense, and these documents are located in New York City. Again, photocopies could minimize any inconvenience caused by removing originals from the defendant's files. Stipulations as to the authenticity of photocopies would be expected by this court when warranted. Thus, the location of most of the documents in New York City is a factor which weighs only slightly in favor of transfer.

(3) Another factor to be considered is the availability of compulsory process for attendance of unwilling witnesses. Also to be considered is the cost of obtaining the attendance of willing witnesses. *Gulf Oil v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Bishop v. Ashland Oil, Inc.*, 394 F.Supp. 203 (W.D.Pa.1975); *Struthers Scientific & International Corp. v. General Foods Corp.*, 290 F.Supp. 122 (S.D.Tex. 1968). Defendant has pointed out that nine present or former officers and/or directors of MAI live and work in or near New York City and could travel to Chicago only at great expense and all of them have been noticed for deposition by the plaintiff. Defendant, by affidavit, has detailed the names of these witnesses, who they work for, and where they live and work. In *General Portland Cement Co. v. Perry*, 204 F.2d 316, 320 (7th Cir. 1953) the court stated:

. . . the failure of the defendant to give the names of its witnesses, to indicate what their testimony would be, to show how vital that testimony would be to the defense of the case and to show why the depositions of these witnesses could not be used successfully, furnished a reasonable basis for Judge Perry to find that the defendant failed to sustain its burden of showing that the balance as to the convenience of the witnesses was so strongly in favor of the defendant as to overcome the weight to be given to the plaintiff's choice of forum.

Defendant has not shown what the testimony of these witnesses would be, nor has it shown how material their testimony would be to the defense of the case. Finally, while "trial by deposition" is certainly not preferred, the defendant has failed to show why the depositions of these witnesses cannot be used successfully. Thus, the fact that many witnesses may have to come here from New York does not by itself necessitate a transfer, especially since the importance of their testimony was not specified, as required by *General Portland Cement Co. v. Perry, supra.*

(4) Yet another factor to be considered is the rule that a case should be transferred to a district where a related case is pending. However, this rule only applies where the related case is a federal civil case, since the pendency of state actions does not relate to convenience of parties in the federal forum. *Hammond Corp. v. General Electric Credit Corp.*, 374 F.Supp. 1356 (D.C.Ill.1974).

The rationale behind a transfer to a forum where a related case is pending is to allow consolidation of the related matters before one court. Such consolidation contributes to economics of time, energy, and money, as well as avoiding duplicative litigation and the possibility of inconsistent judgments. *Hammond Corp., supra* at 1360.

The defendant has noted that there are three related actions currently pending in various New York courts. Two of these cases are pending in state courts, and are

irrelevant to the transfer decision, since consolidation is impossible. There is also some dispute as to whether those two cases are in fact related to the instant case. The other related case, *Howell v. Management Assistance, Inc., et al.*, No. 78 Civ. 3516 (CES), is now pending in the United States District Court for the Southern District of New York. That case is similar to the instant case in that the defendant is again accused of failing to make adequate disclosure to its shareholders. However, the plaintiff class members are different. The *Howell* complaint deals with a 1978 proxy statement, while this action relates to alleged non-disclosures on a 1971 prospectus. After review of both complaints on their face, it appears that consolidation would not be practicable. Rule 42(a) of the Federal Rules of Civil Procedure provides: "When actions involving a common question of law or fact are pending before the court, it may order all of the actions consolidated . . . ." There appear to be no issues of law or fact common to the two actions, at least to the degree where a consolidation would result in any substantial savings of time or expense. Additionally, while discovery in this case is completed and a trial will take place as soon as the court's calendar allows, the *Howell* action was commenced little over a year ago. It is highly unlikely that the *Howell* case is in a triable posture at this time. If a consolidation occurred, this action would necessarily be delayed.

Accordingly, the existence of related actions in New York is not a factor which weighs in favor of transfer.

 (5) Neither the convenience of counsel nor the convenience of expert witnesses is a factor in determining the disposition of a 1404(a) motion. *Weinberger v. Retail Credit Corp.*, 345 F.Supp. 165 (E.D.Pa.1972). However, if the convenience of counsel bears directly on the cost of litigation, it becomes a factor to consider. *Mobil Oil Corp. v. W. R. Grace & Co.*, 334 F.Supp. 117 (S.D.Tex.1971). The named plaintiffs in this action do not have New York counsel. If the action were transferred, they would be required not only to retain New York counsel, but to bear the cost of transportation for the plaintiff's present counsel to and from New York. This would militate against transfer.

## CONCLUSION

 The court agrees with the prevailing authority which holds that there should be a clear balance of inconvenience in favor of the defendant before the plaintiff's choice of forum should be disturbed. *Butterick v. Will*, 316 F.2d 111 (7th Cir. 1963). The court is not persuaded that such a clear balance exists. At best the factors considered by the court only slightly favor a transfer. Where a transfer would merely shift the inconvenience from one party to another, plaintiff's choice of forum should not be disturbed. *Toti v. Plymouth Bus Co.*, 281 F.Supp. 897 (D.C.N.Y.1968). Similarly, transfer will be denied where, after balancing all the factors, the equities lean but slightly in favor of the movant. *Nocona Leather Goods Co. v. A. G. Spalding & Bros., Inc.*, 159 F.Supp. 269 (D.C.Del.1958). Accordingly, defendant's motion to transfer is denied.