James K. GENDEN and Alma Kooppedra-ijer, individually and on behalf of all those similarly situated, Plaintiffs,

v.

MERRILL, LYNCH, PIERCE, FENNER & SMITH, INC., Defendant.

No. 83 C 8271.

United States District Court, N.D. Illinois, E.D.

Aug. 19, 1985.

MEMORANDUM OPINION
AND ORDER

ROVNER, District Judge.

Presently pending before this Court is the motion of defendant, Merrill, Lynch, Pierce, Fenner & Smith, Inc. ("Merrill, Lynch"), pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Southern District of New York. This case is a securities law class action arising out of allegations that Merrill, Lynch is liable for misstatements of fact regarding public housing authority bonds in prospectuses regarding units registered with the SEC of beneficial interest in diversified tax-exempt unit investment trust funds. The unit trusts were sponsored and underwritten by Merrill, Lynch and several other securities broker-dealers. On June 7, 1984, Judge Susan Getzendanner of the United States District Court for the Northern District of Illinois certified a nationwide class consisting of approximately 5,000 purchasers of units of one unit investment trust.

Merrill, Lynch's motion to transfer is grounded on its assertion that all or virtually all of the persons and entities involved in the creation, sponsorship, and administration of the unit trusts and the sale of the units are located in and around New York City in the Southern District of New York. Merrill, Lynch contends that this case has substantial contact only with New York and has virtually no relevant contact with this District other than the fact that both the class representatives and their counsel reside in this District. Merrill, Lynch concludes that the convenience of parties and witnesses and the interest of justice will be better served if this case proceeds in the Southern District of New York.

Plaintiffs respond by contending that Merrill, Lynch has failed to meet its burden of demonstrating that a clear balance of the factors to be considered favors transfers. Instead of being motivated by a legitimate need to move the case to the Southern District of New York, plaintiffs assert that defendant's motion to transfer constitutes purely tactical forum shopping at a rather late stage of the proceedings.

■ The parties do not dispute that this action "might have been brought" in the Southern District of New York. Thus, the only issue before this Court is whether a transfer would be in the interest of justice

and for the convenience of parties and witnesses. Although it is true that Merrill, Lynch has brought this motion to transfer late in the course of these proceedings, a mere passage of time or delay is not alone sufficient to deny a motion to transfer. *Blumenthal v. Management Assistance, Inc.*, 480 F.Supp. 470 (N.D.Ill.1979). "Therefore, since 1404(a) looks to sound judicial administration, the court may order a transfer whenever the circumstances satisfy the requirement of the section unless the delay would unduly prejudice the other party, increase the expense of litigation or the late motion is a merely a dialatory tactic." *Id.* at 471.

■ The party moving to transfer the action has the burden of establishing that the action should be transferred. The court must balance all of the relevant factors to determine whether the movant has sustained its burden of proving that the court is justified in transferring the case. Although the exercise of the power to transfer is committed to the sound discretion of the district court after it has reviewed all the circumstances of the case, and while there is no exact formula for combining and weighing the factors that must be considered in the balance, the Supreme Court, in *Gulf Oil v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) emphasized that the court must consider two basic interests: first, the interest of the litigants; and second, the public interest.

■ After an examination of all of the relevant factors, this Court finds that both the convenience of the witnesses and the public interest would be best served by transferring this action to the United States District Court for the Southern District of New York. Where, as here, the class is nationwide and has no unique local interest or contact with the transferring district, the deference usually accorded by courts to the plaintiff's choice of venue is less important. *Blake Construction Co. v. International Harvester Co.*, 521 F.Supp. 1268 (N.D.Ill.1981). Moreover, the convenience of counsel is not one of the factors to be considered under Section 1404(a). *Id.* at 1272. Neither is the location of the main class representative plaintiffs nor of any expert witness called at trial by the plaintiffs relevant to a Section 1404(a) determination. *Blumenthal, supra,* 480 F.Supp. at 474; *McCrystal v. Barnwell County,* 422 F.Supp. 219, 223 (S.D.N.Y.1976).

■ Despite plaintiffs' suggestion to the contrary, Merrill, Lynch has substantiated its allegations that virtually all of the witnesses which will be called to testify at trial are located in and around New York by the affidavit of its attorney. In that affidavit, Merrill, Lynch sets forth both the identities of the witnesses it probably will call at trial and the nature of their expected testimony. Specifically, this list includes: (a) present and former officers and employees of Merrill, Lynch, most of whom are located at the company's headquarters in New York; (b) Standard & Poor's employees in New York who will likely testify regarding the manner in which issues in the portfolio are evaluated; (c) representatives of Chase Manhattan Bank who will likely testify about the policies, practices, and procedures of the Municipal Investment Trust Fund ("MITF"); and (d) members of the New York law firm of Davis, Polk & Wardwell, who will likely testify regarding preparation of the prospectus for the MITF and disclosures relating to redemption of housing authority bonds therein.

In addition, although some progress has been made in discovery, it is far from complete and even the plaintiffs concede that most if not all of the original documents in this case are located in New York. Plaintiff's assertion that they are "considering calling witnesses" from a company headquartered in Chicago, John Nuveen & Co., for key testimony regarding the materiality of disclosures for its own tax-exempt bond funds is significant, but the number of those witnesses is unspecified and they are the only non-party or non-expert witnesses which plaintiffs have identified as witnesses that they may wish to call but who do not reside in New York. Finally, this

Court is mindful of the fact that a jury trial has been demanded in this action, and thus the ability to present live witnesses at trial via subpoena of those who are amenable to compulsory process in New York is particularly significant.

Given the fact that the overwhelming number of witnesses and documents are located in New York, and given the fact that plaintiffs offer no reason why defendants should bear the greater legal cost of transporting documents, counsel, and witnesses to Chicago from New York in order to defend against plaintiffs' as yet unproven allegations, this Court finds that Merrill, Lynch has sustained its burden of demonstrating that both the convenience of the witnesses and the public interest require that this case be transferred to New York.

Accordingly, Merrill, Lynch's motion to transfer this case, pursuant to 28 U.S.C. § 1404(a) is granted, and this case is hereby transferred to the United States District Court for the Southern District of New York. It is so ordered.