**Clarence P. COUNTRYMAN and Raymond B. Lee, as participants on Behalf of UPSTATE NEW YORK PENSION AND RETIREMENT FUND, New York State Teamsters Conference Pension & Retirement Fund, New York State Teamsters Council Health & Hospital Fund, New York State Teamsters Council Legal Benefit Fund, and on behalf of a class of other participants and pension funds similarly situated, Plaintiffs,**

v.

**STEIN ROE & FARNHAM, Shearson Lehman Brothers, Inc., James Carlton, John Pryshlak, Nicholas Robilotto, Ervin Walker, Kenneth C. Slate and the Estate of Rocco DePerno, Trustees of the Upstate New York Pension and Retirement Fund, John Guira, George Inserra, John Inserra, and Nicholas J. Gentile, Defendants,**

and

**Upstate New York Teamsters Pension and Retirement Fund, New York State Teamsters Conference Pension & Retirement Fund, New York State Teamsters Council Health & Hospital Fund, and New York State Teamsters Council Legal Benefit Fund, Nominal Defendants.**

No. 87 C 3861.

United States District Court, N.D. Illinois, E.D.

Nov. 23, 1987.

---

Lawrence Walner, Robert J. Lifton, Lawrence Walner & Assoc., Ltd., Chicago, Ill., for plaintiffs.

Neal Goldman, Mark Bennett, Squadron, Ellenoff, Plesent, & Lehrer, New York City, Leonard A. Nelson, Schoenberg, Fisher & Newman, Chicago, Ill., for George Inserra and John Inserra.

Richard J. Prendergast, Joseph E. Tighe, Richard J. Prendergast, Ltd., William J. Harte, William J. Harte, Ltd., Chicago, Ill., for John Guira.

Marvin Gittler, Asher, Pavalon, Gittler, and Greenfield, Ltd., Chicago, Ill., Robert J. Higgins, Kenneth M. Lyons, Harriet Grant, Dickstein, Shapiro & Morin, Washington, D.C., for Upstate New York Teamsters Pension and Retirement Fund New York State Teamsters Conference Pension & Retirement Fund, New York State Teamsters Council Health & Hosp. Fund, and New York State Teamsters Council Legal Benefit Fund, nominal defendants.

Harold C. Hirshman, Alan M. Posner, John I. Grossbart, Christopher Q. King, Sonnenschein, Carlin Nath & Rosenthal, Chicago, Ill., for Stein Roe & Farnham.

Nicholas Berberian, Howard D. Leiberman, Therese M. Obringer, Mark T. Carberry, Neal, Gerber & Eisenberg, Chicago, Ill., for Shearson Lehman Bros., Inc.

Frederick V. Lochbiler, Richard A. Wohlleber, Chapman & Cutler, Chicago, Ill., for Nicholas J. Gentile.

John A. Peca, Jr., John M. Masters, Richard D. Tomsick, John A. Sivinski, Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., Cleveland, Ohio, for cross-claimants Robilotto & Walker.

Emil M. Rossi, Syracuse, N.Y., Anthony Pinelli, Chicago, Ill., for estate of Rocco DePerno.

## MEMORANDUM OPINION AND ORDER

ANN C. WILLIAMS, District Judge.

The defendant trustees James Carlton, John Pryshlak, Kenneth Slate, Nicholas Robilotto, and Ervin Walker ("Trustees") along with the nominal defendants New York State Teamsters Conference Pension and Retirement Fund, the New York State Teamsters Council Health and Hospital Fund, the Upstate New York Teamsters Pension and Retirement Fund and the New York State Teamsters Council Legal Benefit Fund ("Funds") move to transfer this case to the Northern District of New York ("transferee district") pursuant to 28 U.S.C. § 1404(a). The defendants argue in

support of their motion that a similar case is pending in the transferee forum, that the great majority of the parties reside in the transferee district and that the bulk of the witnesses and documentary evidence are located in New York. In response, the plaintiffs and the defendant Shearson Lehman Brothers, Inc. ("Shearson") assert that the motion should be denied because the bulk of the alleged misdeeds occurred in the Northern District of Illinois ("transferor district"), the plaintiff's choice of forum should control, the defendants' failed to adequately identify their witnesses and the nature of their testimony, and because the lead defendant is headquartered in Chicago. The defendants' motion is granted for the following reasons.

### I

#### *28 U.S.C. § 1404(a)*

Motions for transfer of venue are governed by 28 U.S.C. § 1404(a).[1] The purpose of this provision is to "prevent avoidable waste of time, energy and money, as well as to protect parties, witnesses and the public against inconvenience and expense." *Hess v. Gray*, 85 F.R.D. 15, 23 (N.D.Ill.1979) (Aspen, J.). A movant must "establish that (1) venue is proper in the transferor court; (2) venue is proper in the transferee court; and (3) the transfer is for the 'convenience of the parties and witnesses, in the interest of justice'" to show that a venue transfer is proper. *Waites v. First Energy Leasing Corp.*, 605 F.Supp. 219, 221 (N.D.Ill.1985) (Bua, J.), *quoting Central States, Southeast and Southwest Areas Pension Fund v. Brown*, 587 F.Supp. 1067, 1069 (N.D.Ill.1984) (Bua, J.). In addition, public interest factors must also be considered. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 258 n. 6, 70 L.Ed.2d 419 (1981); *Ronco, Inc. v. Plastics, Inc.*, 539 F.Supp. 391, 402 (N.D.Ill.1982) (Marshall, J.). Although the burden of proof "is substantially less than a transfer under the doctrine of forum non

**1.** Section 1404(a) states as follows:
(a) For the convenience of parties and witnesses, in the interest of justice, a district

court may transfer any civil action to any other district or division where it might have been brought.

conveniens," the movant must show that there is a "clear balance of inconvenience" which compels the court to transfer an action.[2] *Waites*, 605 F.Supp. at 221, 223. A transfer motion will not be granted when it would merely shift inconvenience from one party to another. *Ronco*, 539 F.Supp. at 402. The decision to grant or deny a § 1404(a) transfer motion is within the district court's sound discretion. *Duman v. Crown Zellerbach Corp.*, 107 F.R.D. 761, 765 (N.D.Ill.1985) (Moran, J.).

## II

### Venue in the Transferor and Transferee Districts

The first requirement for a transfer motion pursuant to § 1404(a) is that venue be proper in both the transferor and transferee districts. *See Waites*, 605 F.Supp. at 221. The plaintiff and Shearson concede that venue is proper in both districts. *See* Plaintiff's Memo at 2; Shearson's Memo at 10. The defendants apparently concede that venue is proper in the transferor district and assert that it is proper in the transferee district as well.[3] The plaintiffs' complaint has six counts. The first count is brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461. Under ERISA, venue is proper "where the plan is administered." *See* 29 U.S.C. § 1132(e)(2). The Funds are all administered in the transferee district. The plaintiffs allege violations of the Investment Advisors Act, 15 U.S.C. § 80b–15, the Securities and Exchange Act of 1934, 15 U.S.C. § 78a et seq., and the Organized Crime Control Act of 1970, 18 U.S.C. §§ 1961–1968, in the second, third and fourth respective counts of their complaint. Venue is proper in any district in which a defendant is found or transacts business under each of the above statutes. *See* 15

U.S.C. § 80b–14 (1982); 15 U.S.C. § 78aa (1982); 18 U.S.C. § 1965(a) (1981). All but two of the defendants reside or are located in the transferor district. Finally, the plaintiffs assert pendent state claims in counts five and six of their complaint. Venue for those claims is based on 28 U.S.C. § 1391(b) and is proper where the claim arose. *See* 28 U.S.C. § 1391(b) (1987). The plaintiffs' alleged claims against the Trustees arose in the transferee district. Thus, venue is proper in both the transferor and transferee districts.

## III

### Convenience of the Parties and Witnesses

 Next, the court must consider which forum better serves the convenience of the parties and the witnesses. The convenience of the litigants is indicated by many factors including the residence of the parties. *See Waites*, 605 F.Supp. at 223. In this case, fifteen of the seventeen parties reside in or are located in the transferee district. Of the two remaining parties, only one, defendant Guira, is located out of the state of New York in the transferor district. The defendants' affidavits establish that Guira traveled to the transferee district to seek out business and that he had such contacts with the district that "requiring him to return there would not be unduly burdensome." *Van Gelder v. Taylor*, 621 F.Supp. 613, 619 (N.D.Ill.1985) (Bua, J.). The plaintiffs' choice of forum is another important factor to be considered although "the significance of that choice has diminished since the enactment of § 1404(a)." *Ratner v. Hecht*, 621 F.Supp. 378, 381–82 (N.D.Ill.1985) (Bua, J.). The plaintiff's choice is given less weight when the plaintiff is a non-resident of the chosen forum, when the plaintiff sues derivatively

---

**2.** Notwithstanding the differing burdens of proof, the court considers the same factors when deciding motions for *forum non conveniens* and transfer motions under § 1404(a). *Ronco*, 539 F.Supp. at 401; *See also Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546–47, 99 L.Ed. 789 (1955).

**3.** The court draws this inference from the fact that the defendants filed their transfer motion under § 1404(a) as opposed to § 1406, which permits a transfer from a district where venue was improper to a district where the action "could have been brought." *See* 28 U.S.C. § 1406(a). The court also relies on the fact that the defendants lodged no objection to the venue in the present forum.

or as a class representative, and where the cause of action did not conclusively arise in the chosen forum. *See Koster v. Mutual Casualty Co.*, 330 U.S. 518, 525–26, 67 S.Ct. 828, 832–33, 91 L.Ed. 1067 (1947); *So–Comm, Inc. v. Reynolds*, 607 F.Supp. 663, 664 (N.D.Ill.1985) (Bua, J.); *Duman*, 107 F.R.D. at 765; *Van Gelder*, 621 F.Supp. at 618. All of the above factors are present in the instant case. Given this, the plaintiff's choice of forum is not determinative and is merely another factor to consider when deciding a motion for a change of venue. *See Van Gelder*, 621 F.Supp. at 618. An additional factor to consider is the convenience of counsel "if it bears directly on [the] cost of litigating." *Blumenthal v. Management Assistance, Inc.*, 480 F.Supp. 470, 474 (N.D.Ill.1979) (Roszkowski, J.). The plaintiffs assert that transferring the case to the transferee district would impose unnecessary costs on the parties because the majority of retained counsel are in Chicago. This proposition is misleading. Several parties, including non-movant Shearson, already have counsel in both New York and Chicago which suggests that a transfer to the transferee district would not increase costs and may actually reduce them. Moreover, it is improbable that the moving parties, who are represented in part by Chicago counsel, would regard any added expense of transferring their counsel as an inconvenience. The court finds that the convenience of the parties will be better served by transferring this case because the plaintiffs' choice of forum is substantially outweighed by the presence of the vast majority of the parties in the transferee district.

 The convenience of the witnesses is the next consideration. There are several factors which must be addressed. The court "must consider not only the number of potential witnesses located in the transferor and transferee districts, but also the nature and quality of their testimony and whether they can be compelled to testify." *Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F.Supp. 1048, 1051 (N.D.Ill. 1982) (Bua, J.). Furthermore, the court should ascertain whether the non-party witnesses who are beyond the subpoena power of a particular forum are the type that might be hesitant to testify without compulsory process. *Id.* at 1052. An additional consideration is the cost of obtaining the attendance of willing witnesses. *Blumenthal*, 480 F.Supp. at 473. In this case, the plaintiffs and Shearson first argue that the defendants' motion should fail because the identity of their witnesses and the content and importance of their testimony are not sufficiently specified. The parties reach the above conclusion based on an erroneous reading of *General Portland Cement Co. v. Perry*, 204 F.2d 316 (7th Cir.1953) and this court's decision in *United States of America v. MacKay*, slip op. No. 85 C 6925 (N.D.Ill. January 17, 1986) (Williams, J.) [Available on WESTLAW, 1986 WL 1583]. In *General Portland*, the Seventh Circuit stated that other factors *along with* the failure to be specific about the witnesses' identity and testimony led to the defendant's failure to establish that the convenience of the witnesses outweighed the plaintiff's forum choice.[4] *General Portland*, 204 F.2d at 320. In *MacKay*, this court considered many factors in addition to the above proposition when denying the motion to transfer. The defendants do not identify their witnesses and the nature of their testimony with optimum specificity. However, they do allege that the pivotal testimony will come from the parties.

---

4. In *General Portland*, a Chicago resident was suing the defendant for a personal injury that occurred in Texas. The court stated that

in the instant case we think that the affidavit of the plaintiff, stating that there were no eyewitnesses to the accident and that he was a resident of Chicago, *considered together with* the failure of the defendant to give the names of its witnesses, to indicate what their testimony would be, to show how vital that testimony would be to the defense of the case and to show why the depositions of these witnesses could not be used successfully, furnished a reasonable basis for Judge Perry to find that the defendant failed to sustain its burden of showing that the balance as to the convenience of the witnesses was so strongly in favor of the defendant as to overcome the weight to be given to the plaintiff's choice of forum.

*Id.* at 320 (emphasis added).

Fund's Reply at 3–4. Moreover, one of the two institutional parties, Shearson and its employees, is headquartered in New York and the other, Stein Roe, has not lodged an objection to this transfer motion notwithstanding its Chicago location. The nonmovants have made no showing that any potential witnesses from Stein Roe would be reluctant to testify without compulsory process. Thus, the overwhelming majority of the party witnesses who will provide pivotal testimony along with a significant number of the non-party witnesses are located or reside in the transferee forum. Given this, the convenience of the witnesses will be best served by a transfer to the transferee forum.

## IV

### The Interests of Justice

■ The court must decide a § 1404(a) transfer motion in a manner that serves the interests of justice. *Waites,* 605 F.Supp. at 221. One important factor to consider is whether there are any similar actions pending in other federal district courts. As a general rule, duplicative litigation should be avoided and "a case should be transferred to a district where a related case is pending." *See Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976); *Blumenthal,* 480 F.Supp. at 473. This rule applies only if consolidation pursuant to Federal Rule of Civil Procedure 42(a) is practicable.[5] *Blumenthal,* 480 F.Supp. at 474. Consolidation "contributes to economics of time, energy, and money, as well as avoiding duplicative litigation and the possibility

---

**5.** Federal Rule of Civil Procedure 42(a) states in pertinent part that

(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters in issue in the actions; it may order all the actions consolidated....

**6.** Moreover, the "first to file" rule should not be given an inflexible, mechanical application. *Pacesetter,* 678 F.2d at 95. Rather, the rule should be applied in accord with "the dictates of sound judicial administration." *Id.*

---

of inconsistent judgment." *Id.* at 473. The instant case was filed on April 27, 1987. In June, 1987, the Funds through their trustees initiated an action against the defendants Shearson, Stein Roe, Guira, John and George Inserra, and Gentile. While the actions are not identical, it is undisputed that they have substantial common questions of law and fact. The plaintiffs and Shearson assert that the two essentially identical suits should be litigated in the forum where the first suit was filed. Given this, the defendants' motion to transfer should be denied. This contention is not persuasive. First, the doctrine of federal comity cited by Shearson "permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inv. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th Cir.1982). Thus, this court is not in a position to apply the doctrine because the second suit was filed in the Northern District of New York where the court has apparently declined to apply this doctrine.[6] Second, the fact that the movant filed its suit after the non-movant is not a dispositive factor in this District. *See Ellis Corp. v. Team Textile Corp.,* 574 F.Supp. 170, 171 (N.D.Ill. 1983) (Bua, J.) (transfer motion was granted notwithstanding the fact that the movant defendant's lawsuit was filed after the plaintiff's). Thus, the fact that the two suits have common questions of law and fact and could practicably be consolidated pursuant to Rule 42 favors a transfer to the transferee district.

■ A second factor to consider is the ease of access to the relevant sources of proofs in the respective forums. *See Blu-*

---

The defendant Shearson also raises concerns about the standing of the separate groups of plaintiffs to simultaneously prosecute these two actions. Shearson's Memo at 6–8, 16. This court continued all motions to dismiss pending resolution of this transfer motion. Furthermore, the defendant Shearson has represented that the court in the Northern District of New York has stayed the resolution of the New York suit pending this court's resolution of this transfer motion. Shearson's Memo at 8. Consequently, these standing issues will be resolved only after this court has ruled on the instant motion for transfer.

*menthal,* 480 F.Supp. at 472. In this case, the records and offices of the defendant Funds are located in the transferee district. In addition, Shearson has a branch office in the transferee district and its main office is located elsewhere in New York state. Thus, it is probable that a great number of the pertinent documents will be found in the transferee district itself or within the same state. This factor too weighs in favor of transfer. *See Waites,* 605 F.Supp. at 223 ("The location of documentary evidence, including corporate books and records is a proper factor in considering the interest of justice.")

Finally, the public interest in having the case resolved in one forum as opposed to another must be evaluated. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 258 n. 6, 70 L.Ed.2d 419 (1981). One factor to consider is the citizenship of the parties injured by the alleged misconduct. *See Ronco,* 539 F.Supp. at 402. In this case, the plaintiffs are suing either derivatively on behalf of the funds or as class representatives for over sixty five thousand beneficiaries and participants in the Funds. The plaintiffs and all of the Funds are located in the transferee district as are almost all of the Funds' beneficiaries and participants. Moreover, none of the Funds' beneficiaries and participants reside in Illinois. Thus, the public interest would be best served by allowing the transferee court to redress the injuries suffered by the citizens of its state.

## CONCLUSION

The court finds that the defendants have met their burden of establishing that a "clear balance of inconvenience" exists in the present forum. As in *Waites,* the presence in the transferee forum of "most defendants, principal witnesses, documentary evidence, and a related action" meets the standard and compels this court to transfer the case. Therefore, defendants' motion to transfer this case to the Northern District of New York is granted.