**Crystal WOLFORD, et al., Plaintiffs,**

v.

**AMERICAN HOME PRODUCTS CORP., a Delaware Corporation; Wyeth–Ayerst Laboratories Co., a New York Corporation, Defendants.**

No. 96 C 7912.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 18, 1996.

Jeffrey M. Goldberg, Jeffrey M. Goldberg & Associates, Chicago, IL, Robert A. Holstein, Aron David Robinson, Holstein, Mack & Klein, Chicago, IL, for Plaintiffs.

Richard Charles Barelt, Jeanne E. Walker, Peter A. Tomaras, Wildman, Harrold, Allen & Dixon, Chicago, IL, for Defendants.

## *MEMORANDUM OPINION AND ORDER*

ALESIA, District Judge.

G   This matter is before the Court on the Court's motion to transfer this matter to the United States District Court for the Southern District of Ohio, Columbus Division, pursuant to 28 U.S.C. § 1404(a).[1]

### I.  *BACKGROUND*

Defendants American Home Products Corp. and Wyeth–Ayerst Laboratories Co.—a wholly owned subsidiary of American Home Products Corp.—developed, manufactured, and distributed a contraceptive product called Norplant.

Plaintiffs claim that the Norplant product is dangerous and defective. Consequently, Plaintiffs filed an eight count complaint against Defendants premising recovery on: (1) strict product liability; (2) negligence; (3) breach of express warranty; (4) breach of implied warranty; (5) fraud; (6) misrepresentation; (7) consumer fraud; and in count (8) they seek punitive damages.

All Plaintiffs are citizens of Ohio and reside throughout the state. Defendant American Home Products Corp. is a Delaware corporation with its principal place of business in New Jersey. Defendant Wyeth–Ayerst Laboratories Co. is a New York corporation with its principal place of business in Pennsylvania.[2]

### II.  *DISCUSSION*

Pursuant to 28 U.S.C. § 1404(a):

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any

---

1. The Court issued an order directing Plaintiffs to show cause why this matter should not be transferred pursuant to 28 U.S.C. § 1404(a). Plaintiffs responded, but completely ignored the issue. Instead of attempting to persuade the Court why this matter should not be transferred under § 1404(a), Plaintiffs informed the Court why subject matter jurisdiction and venue were proper here.

2. Approximately twenty similar cases have been filed in the Northern District of Illinois. On the docket of this judge, there are three similar cases. None of the cases filed in this district were brought by plaintiffs who are citizens of Illinois.

other district or division where it might have been brought.

A transfer under § 1404(a) is appropriate if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. *Vandeveld v. Christoph,* 877 F.Supp. 1160, 1167 (N.D.Ill.1995). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir.1986).

## A. Venue

■ Here, venue is proper in both the Northern District of Illinois (the transferor court) and the Southern District of Ohio (the transferee court), *see* 28 U.S.C. § 1391(a)(1) and (2), (c).

## B. Convenience of Parties and Witnesses

■ When evaluating the convenience of the parties and witnesses, the court considers, among other things: (1) the plaintiffs choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the parties of litigating in the respective forums. *College Craft Co. Ltd. v. Perry,* 889 F.Supp. 1052, 1054 (N.D.Ill.1995).

■ Plaintiffs chose the Northern District of Illinois to litigate this action; and, generally, the plaintiff's choice of forum is granted substantial weight. *Dunn v. Soo Line R.R. Co.,* 864 F.Supp. 64, 65 (N.D.Ill.1994). When, however, the plaintiff does not reside in the chosen forum and the conduct and events giving rise to the cause of action did not take place in the selected forum, the plaintiff's preference has nominal value. *See id.; Kingsley v. Dixon Old People's Home Fund, Inc.,* No. 96 C 2464, 1996 WL 417548 *1 (N.D.Ill. July 22, 1996). Here, as noted, the Plaintiffs are citizens of Ohio and reside throughout the state. None of the events

giving rise to the action occurred in the Northern District of Illinois. Accordingly, Plaintiffs' choice to initiate this action in the Northern District of Illinois is accorded virtually no weight.

Next, there are no allegations that the material events underlying the various causes of action occurred in Illinois. Accordingly, this factor also militates in favor of transferring the case to a more suitable district.

Regarding the availability of evidence, there is no indication that relevant evidence is located in this district.[3] Thus, this factor also militates in favor of transferring the matter.

Regarding the convenience of the parties, none of the parties are citizens or reside in Illinois. As noted, Plaintiffs are citizens of Ohio and reside throughout the state. Thus, the Court does not understand why it would be more convenient for the parties to litigate here rather than Ohio.[4] Indeed, an Ohio forum is far more readily accessible to Plaintiffs than an Illinois forum. Accordingly, this factor also militates in favor of transferring the case.

## C. Interests of Justice

■ The "interests of justice" component concerns the "efficient administration of the court system." *Coffey,* 796 F.2d at 221. It includes such considerations as the speed at which the case will proceed to trial, the feasibility of consolidation, the court's familiarity with applicable law, and the public interest in having a case resolved in a particular forum. *Id.; see Reinke v. Boden,* No. 92 C 744, 1996 WL 467240 *1 (N.D.Ill. Aug. 13, 1996).

Here, first, there is no indication that the case will proceed to trial at a quicker pace in the Northern District of Illinois rather than in the Southern District of Ohio. Second, there is no indication that Illinois law will apply to this matter. Finally, the Court cannot conceive of why there would be a

---

3. The location of expert witnesses is not relevant. *See Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 621 F.Supp. 780, 782 (N.D.Ill.1985).

4. The convenience of counsel is not a factor. *Genden,* 621 F.Supp. at 782. Thus, the fact that Plaintiffs' counsel is from Chicago is irrelevant.

strong public interest in having this matter tried in the Northern District of Illinois.

## III. *CONCLUSION*

After considering the convenience of the parties and witnesses, and the interests of justice, the Court concludes that this matter should be transferred to the United States District Court for the Southern District of Ohio, Columbus Division. In short, this case has virtually no connection with the Northern District of Illinois.