TIG INSURANCE COMPANY, Plaintiff,

v.

BRIGHTLY GALVANIZED PRODUCTS, INC., Employers Insurance Company of Wausau, The Home Insurance Company, and various John Doe Insurance Companies, Defendants.

No. 95 C 4874.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 23, 1996.

David P. Cutler, Robert Emmett Mahoney, Edwin J. Hull, III, Goggin, Cutler & Hull, Chicago, IL, for TIG Insurance Company.

Robert S. Levin, Levin & Assoc., Chicago, IL, Brian Ira Tanenbaum, Beth L. Dworken, Levin & Ginsburg, Ltd., Chicago, IL, for Brightly Galvanized Products Inc.

Patrick Joseph Sullivan, Burditt & Radzius, Chicago, IL, for Employers Insurance Company of Wausau.

Thomas H. Neuckranz, Williams & Montgomery, Chicago, IL, Douglas W. Lohmar, Jr., Lord, Bissell & Brook, Chicago, IL, for Home Insurance Company.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant Brightly Galvanized Products, Inc.'s ("Brightly"), motion to transfer this case to the United States District Court for the Northern District of Indiana, Hammond Division, pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the court denies the motion to transfer.

### I. BACKGROUND

In December 1994, Brightly was named as a defendant in *The Ninth Avenue Remedial Group v. Allis Chalmers*, No. 2:94 CV 0331 RL, an environmental contamination and clean-up lawsuit filed in the United States District Court for the Northern District of Indiana, Hammond Division. Upon being named as a defendant in *Ninth Avenue*, Brightly notified its insurance carriers of the lawsuit and requested that the insurers defend and indemnify it. Plaintiff in this lawsuit, TIG Insurance Company ("TIG"), was one of these insurers.

In October 1995, TIG filed the instant lawsuit in this court against Brightly and several other insurers, seeking a declaration regarding its contractual obligations to defend and indemnify Brightly in *Ninth Avenue*. Invoking 28 U.S.C. § 1404(a), Brightly now moves to transfer this case to the Northern District of Indiana, Hammond Division, where *Ninth Avenue* is pending.

### II. DISCUSSION

 Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party moving to transfer under section 1404(a) bears the burden of establishing that (1) venue is proper in

the transferor district; (2) venue is proper in the transferee forum; and (3) the transfer is for the convenience of the parties and the witnesses and is in the interest of justice. *Id.*; *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir.1986).

 The parties agree, as does this court, that venue is proper both in this court and the Northern District of Indiana, Hammond Division. Therefore, the only issue in dispute is whether a section 1404(a) transfer to Hammond is for the convenience of the parties and witnesses and in the interest of justice. The court analyzes this third component on an individualized, case-by-case basis. *See Coffey*, 796 F.2d at 219–20.

#### A. Convenience of litigants and witnesses

 In determining whether to transfer venue, the court seeks to promote both the private interests of the parties and the efficient administration of justice. *North Shore Gas Co. v. Salomon, Inc.*, 896 F.Supp. 786, 791 (N.D.Ill.1995) (citing *Black v. Mitsubishi Motors Credit of America, Inc.*, No. 94 C 3055, 1994 WL 424112, *2 (N.D.Ill. Aug. 10, 1994)). The private interests that may support a transfer include "the plaintiff's initial choice of forum; the relative ease of access to sources of proof; the availability of compulsory process for the attendance of unwilling witnesses, and the costs of obtaining the attendance of witnesses; and the situs of material events." *Id.* (citing *Genden v. Merrill, Lynch, Pierce, Fenner & Smith*, 621 F.Supp. 780, 782 (N.D.Ill.1985); *Club Assistance Program, Inc. v. Zukerman*, 598 F.Supp. 734, 736–37 (N.D.Ill.1984)).

 In the present case, TIG obviously has chosen this court as its forum of choice. While this factor is "afforded substantial deference, it is 'simply one factor among many to be considered.'" *North Shore*, 896 F.Supp. at 791 (citing *Club Assistance Program*, 598 F.Supp. at 736.) As for the other factors, TIG asserts that the instant dispute concerns the application of Illinois law to an insurance policy issued in Illinois to an Illinois business. (Pl.'s Mem. in Opp. to Def.'s Mot. to Transfer ¶ 3.) Thus, all of the wit-

nesses and almost all of the relevant documents are located in Illinois. (*Id.*)

A letter from Brightly's counsel to TIG supports TIG's assertions. The letter states that copies of all correspondence between Brightly and the Environmental Protection Agency, copies of correspondence between Brightly and PRP,[1] and transcripts of depositions of the waste hauler and others involved in hauling waste to the site on behalf of Brightly are available for review at Brightly's counsel's office in Chicago. (*Id.* Ex. A.)

Brightly does not dispute or contradict any of these representations of TIG. Thus, it appears to the court that virtually all of the evidence that may be necessary in the trial of this lawsuit is located in Illinois, and more specifically, in Chicago, where this court sits. In addition, since the witnesses that may be called at trial are located in Illinois, this court would have jurisdiction to compel unwilling witnesses to appear at trial. Moreover, the costs of obtaining the attendance of witnesses at trial in this court would be no more than, if not less than, the costs of obtaining the attendance of witnesses at trial in Hammond.

Brightly contends that because the claims in *Ninth Avenue* involve similar issues as the case before this court and the same parties and witnesses may need to attend trials in both forums, it would be more convenient for the parties to adjudicate both claims in the same district. However, the court disagrees with Brightly's characterization of the lawsuits as similar. The issues before this court revolve solely around insurance coverage. The issues before the Indiana court undoubtedly involve issues such as liability of different persons under environmental statutes and damages due to environmental contamination—topics wholly unrelated to insurance coverage. Thus, the two lawsuits actually are quite dissimilar.

Furthermore, the court has noted already that witnesses and evidence that may be needed at the trial of this lawsuit are located in Chicago, or at least in Illinois. Consequently, the court doubts that it would be any more convenient for the parties to litigate both actions in the same district than for the parties to litigate each action in separate districts.

Accordingly, the court finds that it would be no more convenient, and most likely would be less convenient, for the parties to litigate the instant case in the Northern District of Indiana than in this court.

## B. *Interests of justice*

■ The interests of justice factor "embraces traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses." *Applied Web Systems, Inc. v. Catalytic Combustion Corp.*, No. 90 C 4411, 1991 WL 70893, *6 (N.D.Ill. Apr. 29, 1991) (citing *Coffey*, 796 F.2d at 221; *Bally Mfg. Corp. v. Kane*, 698 F.Supp. 734, 739 (N.D.Ill.1988)). In analyzing this factor, the court considers such things as in which forum the litigants are likely to receive a speedier trial, and, in diversity cases, whether the court trying the case will be familiar with the applicable state law. *Applied Web Systems*, 1991 WL 70893, at *6 (citing *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir.1989); *Coffey*, 796 F.2d at 221.)

The most recent statistics regarding judicial caseload indicate that parties in the Northern District of Indiana are not much better off than parties in the Northern District of Illinois, with respect to how quickly the court will dispose of or try their cases. In the Northern District of Indiana, the median time from the filing of a civil case to its disposition is eight months, and from filing to trial, 16 months. STATISTICS DIV., ADMIN. OFFICE OF THE U.S. COURTS, 1994 FED.CT. MGMT.STAT. 104 (1995). In the Northern District of Illinois, the median time from the filing of a civil case to its disposition is five months, and from filing to trial, 22 months. *Id.* at 101. Thus, a case may proceed to trial more slowly in district court in Chicago than in district court in Hammond. However, a case may be disposed of by motion more quickly in district court in Chicago than in district court in Hammond. In short, it is not markedly more economic or efficient to

---

1. The court assumes PRP means potentially responsible parties.

have the instant case pending in the Northern District of Indiana rather than in the Northern District of Illinois.

In addition, it appears that Illinois law will apply to the issues involved in the present case. Since this court sits in Illinois, and frequently applies Illinois law in diversity cases, it is likely that this court is more familiar with the applicable state law than the Indiana court would be.

Moreover, the issues in the two cases do not appear to overlap. Therefore, this court's hearing the present case while the Indiana court hears the underlying environmental contamination action will not result in duplicative or redundant judicial efforts. Finally, as discussed above, the ease of access to evidence and witnesses in Illinois may make trial in this court more expedient.

Accordingly, the court finds that "transfer of this case does not clearly facilitate the interests of justice." *Allied Metal Co. v. Edgerton Metal Products, Inc.*, 908 F.Supp. 576, 581 (N.D.Ill.1995).

**C.** *Summary*

Brightly has not established that transferring this case to the district court in Hammond, Indiana, would serve either the convenience of the litigants or witnesses or the interests of justice. Therefore, Brightly has not met its burden of showing that this case should be transferred to the United States District Court for the Northern District of Indiana, Hammond Division, pursuant to 28 U.S.C. § 1404(a).

**III.** *CONCLUSION*

For the foregoing reasons, the court denies defendant Brightly Galvanized Products, Inc.'s, motion to transfer this case to the United States District Court for the Northern District of Indiana, Hammond Division, pursuant to 28 U.S.C. § 1404(a).