Mary Ellen HOUCK, as Personal Representative of the Estate of Susan Hill, deceased, Plaintiff,

v.

TRANS WORLD AIRLINES, INC., a corporation, The Boeing Company, a corporation, and Hydroaire, Inc., a division of Crane Co., a corporation, Defendants.

No. 96 C 7527.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 11, 1996.

William J. Jovan, Leonard M. Ring & Associates, Chicago, IL, Donald J. Nolan, Albert E. Durkin, Law Offices of Donald J. Nolan, Chicago, IL, for Plaintiff.

Alan J. Brinkmeier, Michael J. Merlo, Mary K. McGahey, Merlo, Kanofsky & Brinkmeier, Ltd., Chicago, IL, Randal R. Craft, Jr., Haight, Gardner, Poor & Havens, New York City, for Trans World Airlines, Inc.

Thomas M. Crisham, Quinlan & Crisham, Chicago, IL, Steve Bell, Perkins Coie, Seattle, WA, for The Boeing Company.

Mark A. Dombroff, Dombroff & Gilmore, Washington, D.C., John Scott Hoff, Chicago, IL, for Hydroaire, Inc.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter is before the Court on the Court's motion to transfer this matter to the United States District Court for the Eastern District of New York, Hauppauge Division, pursuant to 28 U.S.C. § 1404(a).[1]

### I. BACKGROUND

This case arose as a result of the explosion and crash of Trans World Airlines, Inc. ("TWA"), flight number 800 on July 17, 1996. The accident occurred over the ocean near East Moriches, Long Island, New York. Susan Hill was a passenger on that flight. There were no survivors.

---

1. On November 27, 1996, the Court issued an order directing Plaintiff to show cause why this matter should not be transferred pursuant to 28 U.S.C. § 1404 or 1406. Plaintiff responded.

Defendant Trans World Airlines, Inc., also responded and asked the Court to transfer the matter pursuant to § 1404 to the Southern District of New York.

On November 18, 1996, Plaintiff Mary Ellen Houck, as personal representative of the Estate of Hill, filed a sixteen-count complaint against Defendants TWA, The Boeing Company ("Boeing"), and Hydroaire, Inc. ("Hydroaire"), in this Court. Against TWA, Houck brings a wrongful death and survival action premised on both negligence (counts I and II) and willful and wanton conduct (counts III and IV). Against Boeing, Houck brings a wrongful death and survival action premised on strict liability (counts V and VI), negligence (counts VII and VIII), and breach of warranty (counts IX and X). Finally, against Hydroaire, Houck brings a wrongful death and survival action premised on strict liability (counts XI and XII), negligence (counts XIII and XIV), and breach of warranty (counts XV and XVI).

Houck is a citizen of the state of Oregon. Hill, at the time of her death, was also a citizen of the state of Oregon. TWA is a Delaware corporation with its principal place of business in Missouri; Boeing is a Delaware corporation with its principal place of business in Washington; Hydroaire is a Delaware corporation with its principal place of business in Connecticut. The only "connection" Defendants have with the state of Illinois is that each maintains a registered agent in Cook County and each "does business" here.

## II. *DISCUSSION* [2]

Pursuant to 28 U.S.C. § 1404(a):

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

A transfer under § 1404(a) is appropriate if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. *Vandeveld v. Christoph,* 877 F.Supp. 1160,

1167 (N.D.Ill.1995). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir.1986).

### A. *Venue*

Here, venue is proper in both the Northern District of Illinois (the transferor court) and the Eastern District of New York (the transferee court), *see* 28 U.S.C. § 1391(a)(1) and (2), (c).[3]

### B. *Convenience of Parties and Witnesses*

■ When evaluating the convenience of the parties and witnesses, the court considers: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the parties of litigating in the respective forums. *College Craft Cos., Ltd. v. Perry,* 889 F.Supp. 1052, 1054 (N.D.Ill. 1995).

■ Houck chose the Northern District of Illinois to litigate this action; and, generally, the plaintiff's choice of forum is granted substantial weight. *Dunn v. Soo Line R.R. Co.,* 864 F.Supp. 64, 65 (N.D.Ill.1994). When, however, the plaintiff does not reside in the chosen forum and the conduct and events giving rise to the cause of action did not take place in the selected forum, the plaintiff's preference has nominal value. *See id.; Kingsley v. Dixon Old People's Home Fund, Inc.,* No. 96 C 2464, 1996 WL 417548 *1 (N.D.Ill. July 22, 1996). Here, Houck and Hill (prior to her death) resided and were citizens of the state of Oregon. Additionally, the conduct and events supporting the various causes of action did not occur in this district. Accordingly, Houck's choice to initi-

---

**2.** Boeing filed a motion, pursuant to 28 U.S.C. § 1407, with the Judicial Panel on Multidistrict Litigation to transfer all pending cases pertaining to Flight 800 to the Eastern District of New York. Plaintiff, citing Local Rule 2.30(A), asks the Court to refrain from deciding the 1404(a) issue until after the Judicial Panel for Multidistrict Litigation issues its ruling. Local Rule 2.30(A)

does not apply to the situation presently before the Court. Therefore, plaintiff's motion pursuant to General Local Rule 2.30(A) is denied.

**3.** There have already been at least five similar cases filed in the Eastern District of New York's Hauppauge Division.

ate this action in the Northern District of Illinois is accorded virtually no weight.

■ Next, the material event underlying this action was the explosion and crash of TWA Flight 800. That, as noted, occurred off the southern coast of Long Island, New York. The flight departed from John F. Kennedy ("JFK") Airport, which is in the borough of Queens—also on Long Island.[4] None of the conduct underlying any cause of action against any defendant occurred in the Northern District of Illinois. Accordingly, this factor militates in favor of transferring this matter.

■ Regarding the availability of evidence, the witnesses who observed the accident or any pertinent events occurring just prior to the accident are, of course, located in New York—specifically, Long Island. Any post-occurrence witnesses are also located in New York.[5] The air traffic controllers, maintenance personnel, and ground personnel responsible for the flight are located in New York. And, the participants in the recovery operations and the wreckage itself is in New York. Thus, this factor also militates in favor of transferring the matter.

■ Regarding the convenience of the parties, none of the parties are citizens of the Northern District of Illinois. Houck does not reside here. Neither of the defendants reside here. In fact, the sole connection the defendant corporations have with the Northern District of Illinois is that each has a statutory agent and "does business" here. Thus, the Court does not understand why it

4. In Plaintiff's memorandum, she notes that Flight 800 departed from JFK airport. Apparently displeased with having to travel to Long Island—the location of the Hauppauge Division of the Eastern District of New York—Plaintiff stresses that the flight did not depart from "any point in Long Island." Although the Court does not claim to be a geography expert, the Court notes that JFK airport is in the borough of Queens, which is on Long Island.

5. The location of expert witnesses is not relevant. See *Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 621 F.Supp. 780, 782 (N.D.Ill.1985).

6. The convenience of counsel is not a factor. *Genden*, 621 F.Supp. at 782. Thus, the fact that Houck's counsel is from Chicago is irrelevant.

would be more convenient for the parties to litigate here rather than New York.[6] Although the city of Chicago is centrally located in the United States, an extra two-hour flight to New York for some of the parties or witnesses is not terribly burdensome. Accordingly, this factor also militates in favor of transferring the case.

## C. *Interests of Justice*

■ The "interests of justice" component concerns the "efficient administration of the court system." *Coffey*, 796 F.2d at 221. It includes such considerations as the speed at which the case will proceed to trial, the feasibility of consolidation, the court's familiarity with applicable law, and the public interest in having a case resolved in a particular forum. *Id.; see Reinke v. Boden*, No. 92 C 744, 1996 WL 467240 *1 (N.D.Ill. Aug. 13, 1996).

■ Here, first, there is no indication that the case will proceed to trial at a quicker pace in the Northern District of Illinois rather than in the Eastern District of New York. Second, the Court is aware that similar actions have already been filed in the Eastern District of New York; thus, this matter could readily be consolidated with those actions. Third, either New York law or international law will likely come into play—Illinois law definitely will not apply. Finally, in the Court's opinion, because of the high publicity of a case of this nature, the Court believes that there is a strong public interest in having the case resolved near the forum where the tragedy occurred.[7]

7. As noted, TWA asks the Court to transfer the case to the Southern District of New York. TWA's preference for the Southern District over the Eastern District of New York is based entirely on the fact that eight similar cases have already been filed in that district and the courthouse in the Southern District (lower Manhattan) is closer (by no more than thirty to forty miles) to the residences of many potential parties and witnesses and major airports than the courthouse in Hauppauge. The Court does not find TWA's reasoning persuasive. Accordingly, TWA's motion to transfer is denied without prejudice. TWA can of course seek a transfer from the Eastern District to the Southern District of New York.

### III. *CONCLUSION*

After considering the convenience of the parties and witnesses, and the interests of justice, the Court concludes that this matter should be transferred to the United States District Court for the Eastern District of New York, Hauppauge Division.