EVANGELICAL LUTHERAN CHURCH IN AMERICA and Texas–Louisiana Gulf Coast Synod of the Evangelical Lutheran Church in America, Plaintiffs,

v.

ATLANTIC MUTUAL INSURANCE COMPANY, Defendant.

No. 97 C 3083.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 26, 1997.

See also, 173 F.R.D. 507.

James Charles Geoly, Burke, Warren, MacKay & Serritella, P.C., Chicago, IL, Steven Ross Gilford, Marc Eric Gilford, Marc Eric Rosenthal, Adam K. Hollander, Michael Thomas Zeller, Mayer, Brown & Platt, Chicago, IL, for Plaintiff.

James Thomas Ferrini, Amy Rich Paulus, Mark Douglas Paulson, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter is before the court on defendant's motion to transfer this matter to the United States District Court for the Western District of Texas, pursuant to 28 U.S.C. § 1404(a).

Motion granted.

This matter is transferred to the U.S. District Court for the Western District of Texas, Austin Division.

## I. BACKGROUND

Plaintiff Evangelical Lutheran Church in America ("ELCA") is a not-for-profit Minnesota corporation with its principal place of business in Illinois. Plaintiff Texas–Louisiana Gulf Coast Synod of the Evangelical Lutheran Church in America ("Synod") is a not-for-profit Texas corporation with its principal place of business in Texas. Defendant Atlantic Mutual Insurance Company ("Atlantic Mutual") is an insurance company organized under the laws of New York with its principal place of business in New York.

Plaintiffs bring this case requesting a declaratory judgment that Atlantic Mutual has a duty to defend and indemnify plaintiffs under insurance policies issued by Atlantic Mutual. The underlying action—pending in the state court system in Texas—involves serious allegations of sexual misconduct against one of ELCA's ordained ministers.

Atlantic Mutual argues that this matter should be transferred to Texas.

## II. DISCUSSION

■ Pursuant to 28 U.S.C. § 1404(a):

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

A transfer under § 1404(a) is appropriate if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. *Vandeveld v. Christoph*, 877 F.Supp. 1160, 1167 (N.D.Ill.1995). The party requesting the transfer "has the burden of establishing ... that the transferee forum is clearly more convenient" *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir.1986). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." *Id.* at 219.

### A. Venue

Both parties agree that venue is proper in the Northern District of Illinois (the transferor court), *see* 28 U.S.C. § 1391, and the Western District of Texas (the transferee court), *see* 28 U.S.C. § 1391. The court agrees with the parties.

### B. Convenience of Parties and Witnesses

■ When evaluating the convenience of the parties and witnesses, the court considers: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the parties of litigating in the respective forums. *College Craft Co., Ltd. v. Perry*, 889 F.Supp. 1052, 1054 (N.D.Ill.1995).

### 1. Plaintiffs choice of forum & site of material events

■ Plaintiffs chose the Northern District of Illinois to litigate this matter. The plaintiff's choice of forum is generally granted substantial weight, *Dunn v. Soo Line R.R. Co.*, 864 F.Supp. 64, 65 (N.D.Ill.1994), particularly when the plaintiff resides in the chosen forum and the conduct and events giving rise to the cause of action took place in the selected forum. *See id.; Kingsley v. Dixon Old People's Home Fund, Inc.*, No. 96 C 2464, WL 417548 *1 (N.D.Ill. July 22, 1996).

Here, ELCA's principal place of business is in Illinois; thus, ELCA is a citizen and resident of Illinois. As noted above, generally, a resident plaintiff's choice of forum is granted considerable weight; but, when the events giving rise to the cause of action took place elsewhere, the weight granted to the plaintiffs' choice of forum is diminished significantly.

The parties dispute the site of the material events. Atlantic Mutual argues that it is Texas—the place where the alleged sexual misconduct occurred. Plaintiffs say it is the place where the negotiation and purchase of the insurance polices occurred—Chicago and New York or Virginia.

The court, however, believes the event underlying this declaratory judgment action is Atlantic Mutual's decision to deny coverage. The instant lawsuit has nothing to do with the merits of the underlying sexual misconduct action, *see TIG Ins. Co. v. Brightly Galvanized Products, Inc.*, 911 F.Supp. 344, 346 (N.D.Ill.1996) ("Thus, the two lawsuits actually are quite dissimilar."), or the negotiation and purchase of the insurance policies—clearly a valid contract of insurance was entered into between the parties. Rather, this case is here because Atlantic Mutual denied coverage based on its interpretation of the insurance policies. That decision was made in its corporate offices located in New York.

Accordingly, because the events giving rise to this cause of action did not occur in Chicago, plaintiffs' choice to initiate the action here is granted little weight.

### 2. Availability of evidence in each forum

■ Regarding the availability of evidence in each forum, the court finds that this factor essentially is irrelevant since this declaratory judgment action is unlikely to go to trial. As noted by plaintiffs, this case "will depend simply on the interpretation" of the insurance policies. To decide this matter, it is highly unlikely that the court will need anything other than the complaint filed in the Texas state court action (to see what is being alleged) and the insurance policies (to see if the allegations fall within the stated coverage).

### 3. Convenience of the parties

Regarding the final factor—the convenience of the parties of litigating in the respective forum—because this matter is un-

likely to go to trial for the reasons stated above, the court finds that this factor is irrelevant.

### C.  *Interests of Justice*

■ The "interests of justice" component concerns the "efficient administration of the court system." *Coffey*, 796 F.2d at 221. It includes such considerations as the speed at which the case will proceed to trial,[1] the court's familiarity with applicable law, and the public interest in having a case resolved in a particular forum. *Id.; see Reinke v. Boden*, No. 92 C 744, 1996 WL 467240 *1 (N.D.Ill. Aug. 13, 1996).

### 1.  Applicable law

■ The parties dispute the law applicable to this action. Atlantic Mutual argues for the application of Texas law; plaintiffs claim that Illinois or New York law applies. The court finds that Texas law applies to the issue of whether coverage exists under the policies issued by Atlantic Mutual.

■ "Because this suit was filed in Illinois, that state's choice-of-law rules govern." *Lee v. Interstate Fire & Cas. Co.*, 86 F.3d 101, 102 (7th Cir.1996). The insurance policies do not contain a choice-of-law clause and "Illinois' rules for selecting a body of law in the absence of such a clause are obscure." *Id.* The last Illinois Supreme Court case to consider the matter essentially combined the old, formal "last-act" or "delivery" approach with the modern "contacts" approach. *Id.* at 103. Because of the lack of guidance, the court will follow the modern contacts approach to determine the body of law applicable to the interpretation of the insurance policies/contracts. *See Lapinee Trade, Inc. v. Boon Rawd Brewery Co., Ltd.*, 91 F.3d 909, 911 (7th Cir.1996) ("Because this is a diversity contract dispute, we apply Illinois' most significant contacts test to determine which substantive law governs.")

■ The contacts approach considers such factors as: (1) the location of the sub-

1. The court finds that this element is also irrelevant. The case will not likely go to trial. The speed at which the case is likely to be decided on summary judgment is almost identical in both forums.

ject matter; (2) the place of delivery of the contract; (3) the domicile of the insured; (4) the domicile of the insurer (5) the place of the last act to give rise to a valid contract; and (6) the place of performance or other place bearing a rational relationship to the general contract. *Lapham–Hickey Steel Corp. v. Protection Mutual Ins. Co.*, 166 Ill.2d 520, 211 Ill.Dec. 459, 462, 655 N.E.2d 842, 845 (1995). Considering these factors, the court finds that Texas law will likely apply to this matter.

First, regarding the location of the subject matter, a couple of recent Illinois appellate court decisions—citing the Restatement (Second) of Conflict of Laws—hold that the location of the insured risk is the most important factor and thus granted considerable weight. *See Society of Mount Carmel v. Nat'l Ben Franklin Ins. Co. of Illinois*, 268 Ill.App.3d 655, 205 Ill.Dec. 673, 680, 643 N.E.2d 1280, 1287 (1st Dist.1994) ("[T]he location of the insured risk is given special emphasis."); *Diamond State Ins. Co. v. Chester–Jensen Co., Inc.*, 243 Ill.App.3d 471, 183 Ill.Dec. 435, 447, 611 N.E.2d 1083, 1095 (1st Dist.1993) ("[T]he location of the insured risk will be given greater weight than any other single contact...").

■ Here, the location of the subject matter or of the insured risk is Texas. Plaintiffs may argue that the location of the insured risk is Illinois because ELCA which procured the policy applicable to its congregations—which includes Synod—situated across the country is located there, but, that's not how Illinois courts analyze this particular issue. Where policies cover an organization's conduct nationwide, the courts hold that the location of the insured risk is the place where the insured's liability actually arises—here, Texas. *See Mount Carmel*, 205 Ill.Dec. at 680, 643 N.E.2d at 1287; *Diamond State*, 183 Ill.Dec. at 447, 611 N.E.2d at 1095; *American Builders & Contractors Supply Co., Inc. v. The Home Ins. Co.*, No. 96 C 5041, WL 43017 *2 n. 5 (N.D.Ill. Jan. 28, 1997). Thus, this factor weighs heavily in favor of the application of Texas law.

Although the first factor heavily favors the application of Texas law, a consideration of the subsequent factors does not point to a clear winner. The place of delivery of the policies was New York. The last act giving rise to the policies/contracts occurred in either Virginia or New York. ELCA is domiciled in Illinois; Synod is domiciled in Texas. Atlantic Mutual is domiciled in New York. ELCA pays its premiums out of its Chicago office; Synod pays its premiums out of its Houston, Texas office. Finally, where a declaratory judgment action is at issue, some Illinois cases also consider the location of the underlying lawsuit—here, Texas. *See Mount Carmel*, 205 Ill.Dec. at 680, 643 N.E.2d at 1287 ("Moreover ... the underlying action was brought in a California court.... "); *Diamond State*, 183 Ill.Dec. at 446, 611 N.E.2d at 1094.

Considering the aforementioned factors, it appears clear that Illinois law will not apply to the interpretation of the insurance policies. New York certainly has many contacts with the policies. However, because Illinois courts grant significant weight to the location of the insured risk—here, Texas—and a couple of the other factors point to Texas, the court believes that Texas law prevails. This factor weighs in favor of transferring this matter to Texas.

### 2. Public interest

There are certain types of cases in which a particular forum has a strong interest in hearing. *See Houck v. Trans World Airlines, Inc.*, 947 F.Supp. 373, 376 (N.D.Ill. 1996) (local community has strong interest in hearing case involving crash of TWA Flight 800). This is one of them. The underlying case involves serious allegations of sexual misconduct against an ordained minister. Certainly, the local community is following this matter closely. Although the underlying case and this declaratory judgment action are distinct cases for the purposes of analyzing certain aspects of the instant transfer of venue motion, they are clearly related case; in a non-technical, realistic sense. Because of the sensitive and serious nature of the allegations in the underlying case, the court finds that the local community has a strong interest in resolving all aspects of this matter.

### III. *CONCLUSION*

Defendant's motion to transfer this case is GRANTED. This case is transferred to the United States District Court for the Western District of Texas, Austin Division. 28 U.S.C. § 1404(a).