David BARNES, Special Administrator, of the Estate of Carroll Barnes, Deceased and David Barnes, Individually, Plaintiff,

v.

ROLLINS DEDICATED CARRIAGE SERVICES, INC., and Jerry Massengill, Defendants.

No. 97 C 4081.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 19, 1997.

Michael R. Panter, Michael R. Panter & Associates, Chicago, IL, for Plaintiff.

Mary E. Bennett, Susan Kay Laing, Lord, Bissell & Brook, CHicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter is before the court on defendants' motion to transfer this matter to the United States District Court for the Southern District of Illinois, pursuant to 28 U.S.C. § 1404(a).

Motion granted.

This matter is transferred to the United States District Court for the Southern District of Illinois, Benton Division.

## I. BACKGROUND

On October 12, 1996, decedent Carroll Barnes drove his car onto the shoulder of Interstate 57 in Cumberland County, near Neoga Township, Illinois. Defendant Jerry Massengill was operating a truck for his employer defendant Rollins Dedicated Carriage Service, Inc. The truck Massengill was driving struck Barnes. Later that day, Barnes died.

Plaintiff David Barnes, as special administrator of the estate of Carroll Barnes and individually, initiates this action alleging that Massengill was negligent. There is also a wrongful death and Family Expense Act claim.

Decedent Carroll Barnes was a citizen of Illinois. Plaintiff David Barnes resides and is a citizen of Illinois. He lives near Chicago. Defendant Massengill resides in and is a citizen of Kentucky. Defendant Rollins Dedicated Carriage Services is a Delaware corporation with its principal place of business in Delaware, but, it "does business" throughout the United States.

Defendants seek to transfer this matter to a more convenient forum.

## II. DISCUSSION

■ Pursuant to 28 U.S.C. § 1404(a):

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

A transfer under § 1404(a) is appropriate if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. *Vandeveld v. Christoph*, 877 F.Supp. 1160, 1167 (N.D.Ill.1995). The party requesting the transfer "has the burden of establishing ... that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir.1986). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." *Id.* at 219.

### A. Venue

Both parties agree that venue is proper in the Northern District of Illinois (the transferor court), and the Southern District of Illinois (the transferee court).

### B. Convenience of Parties and Witnesses

■ When evaluating the convenience of the parties and witnesses, the court considers: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the parties of litigating in the respective forums. *College Craft Cos., Ltd. v. Perry*, 889 F.Supp. 1052, 1054 (N.D.Ill. 1995).

#### 1. Plaintiffs' choice of forum & site of material events

■ Plaintiff chose the Northern District of Illinois to litigate this matter. The plaintiff's choice of forum is generally granted substantial weight, *Dunn v. Soo Line R.R. Co.*, 864 F.Supp. 64, 65 (N.D.Ill.1994), particularly when the plaintiff resides in the chosen forum and the conduct and events giving rise to the cause of action took place in the selected forum. *See id.; Kingsley v. Dixon Old People's Home Fund, Inc.*, No. 96 C 2464, WL 417548 *1 (N.D.Ill. July 22, 1996).

■ Here, plaintiff resides in the Northern District of Illinois. But, the events giving rise to the cause of action occurred in the Southern District of Illinois. Accordingly, the fact that plaintiff chose to litigate the matter in this court is not granted much weight. The fact that the tragedy occurred

in the Southern District of Illinois militates in favor of transferring this matter.

### 2. Availability of evidence in each forum

Regarding the availability of evidence in each forum, the court finds that this factor is a wash. Plaintiff states that the evidence consists of photographs and videos of the accident site which can be viewed easily in either forum. That may be true, but additional evidence will likely be required. That evidence will consist of the individuals—such as police officers/highway patrol and medical personnel—responding to or investigating the accident. All of those individuals reside in or near the Southern District of Illinois.

On the other hand, family members and friends will testify on plaintiff's behalf.[1] All of those individuals reside near Chicago. Plaintiff lists numerous individuals, but it is unlikely that all of the listed individuals will testify since much of their testimony will be cumulative.

Accordingly, there is roughly an equal amount of evidence in each forum.

### 3. Convenience of the parties

Regarding the final factor—the convenience of the parties of litigating in the respective forum—this factor is also a wash. It's more convenient for plaintiff to litigate in the Northern District of Illinois, while it's more convenient for defendants to litigate in the Southern District of Illinois.

### C. *Interests of Justice*

 The "interests of justice" component concerns the "efficient administration of the court system." *Coffey,* 796 F.2d at 221. It includes such considerations as the speed at which the case will proceed to trial, the court's familiarity with applicable law, and the public interest in having a case resolved in a particular forum. *Id.; see Reinke v. Boden,* No. 92 C 744, 1996 WL 467240 *1 (N.D.Ill. Aug. 13, 1996).

As plaintiff concedes, cases proceed to trial at a faster pace in the Southern District of Illinois as opposed to the Northern District of Illinois. Plaintiff notes that cases are disposed of rather quickly in this district, but, those are cases that are decided on motions to dismiss or summary judgment. This is not the type of case that generally gets decided without going to trial.

Both districts are familiar with Illinois law, thus, this factor is a wash.

Finally, with respect to the public interest in having a matter decided in a particular forum, because the fatal accident occurred in the Southern District of Illinois, the court finds that district has a stronger public interest in resolving this matter as compared to the Northern District of Illinois. The public interest is much greater in certain types of cases, *see, e.g., Houck v. Trans World Airlines, Inc.,* 947 F.Supp. 373, 376 (N.D.Ill. 1996) (local community has strong public interest in hearing TWA Flight 800 case), but, in this court's opinion, the place where a tragedy occurs always has a strong interest in hearing the case, it's just a matter of degree.

### III. *CONCLUSION*

 After considering the convenience of the parties and witnesses and the interests of justice, the court finds that the Southern District of Illinois is clearly more convenient than the Northern District of Illinois. Primarily, because that district is the situs of the events giving rise to this action. Furthermore, the interest of justice component favors transferring this matter. Moreover, there are no factors which significantly support keeping the matter here. Therefore, defendants' motion to transfer this case to the United States District Court for the Southern District of Illinois, Benton Division is granted.

---

**1.** It is important to note, however, that plaintiff's witnesses will testify only if liability is established. If the trial is bifurcated and Massengill was not negligent, there will be no need for plaintiff's friends or family to testify.