Felicia CARILLO, Plaintiff,

v.

Captain James DARDEN,
et al., Defendants.

No. 97 C 6664.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 6, 1998.

Michael S. Baird, Edward John Manzke, Stotis & Baird, Chicago, IL, for Plaintiff.

Richard J. Siegel, Attorney General's Office, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendants Robert Hoffmeyer and Joe Ruddy's motion (1) to dismiss plaintiff Felicia Carillo's case for improper venue pursuant to Federal Rule of

Civil Procedure 12(b)(3) or (2) to transfer the case to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1406 or § 1404(a). For the following reasons, the court (1) denies defendants' motion to dismiss the case for improper venue; (2) denies defendants' motion to transfer pursuant to 28 U.S.C. § 1406; and (3) grants defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a).

## I. BACKGROUND

Plaintiff Felicia Carillo has filed a one-count complaint against defendants James Darden, Robert Hoffmeyer (identified in the complaint as "Sergeant Hoffmeier"), and Joe Ruddy (identified in the complaint as "Sergeant Ruddy"). In her complaint, Carillo alleges that on October 12, 1995, while she was an inmate at the Dwight Correctional Center, defendants used unreasonable and unnecessary force against her in violation of 42 U.S.C. §§ 1983, 1985(3), and 1988. This court has subject matter jurisdiction over the case pursuant to 28 U.S.C. §§ 1331 and 1343.

Defendants Hoffmeyer and Ruddy have filed a motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(3) or to transfer the case pursuant to 28 U.S.C. § 1406. In the event that the court finds that the Northern District of Illinois, Eastern Division ("the Northern District") is a proper venue, defendants ask the court to transfer the case to the United States District court for the Central District of Illinois ("the Central District") pursuant to 28 U.S.C. § 1404(a).

## II. DISCUSSION

### A. Defendants' motion to dismiss or transfer because venue is improper

■ Defendants first move to dismiss the case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). Venue in this case is governed by 28 U.S.C. § 1391(b). In pertinent part, § 1391(b) provides that venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State." 28 U.S.C. § 1391(b)(1).

In this case, all defendants reside in Illinois. Defendants Hoffmeyer and Ruddy reside in Livingston County, Illinois, which is located in the Central District. 28 U.S.C. § 93(b). Defendant Darden resides in Cook County, Illinois, which is located in the Northern District. § 93(a)(1). Thus, the Northern District is a proper venue in this case. Consequently, the court (1) denies defendants' motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and (2) denies defendants' motion to transfer pursuant to 28 U.S.C. § 1406.

### B. Defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a)

■ In the event that the court finds the Northern District to be a proper venue, defendants ask this court to transfer the case to the Central District pursuant to 28 U.S.C. § 1404(a). Section § 1404(a), which governs the transfer of an action from one federal district court to another, provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A transfer under § 1404(a) is appropriate if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *Vandeveld v. Christoph*, 877 F.Supp. 1160, 1167 (N.D.Ill. 1995). The determination of whether a case should be transferred pursuant to § 1404(a) is committed to the sound discretion of the trial court. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986).

#### 1. Proper venue

In this case, venue is proper in the transferor court as defendant Darden is a resident of the Northern District. 28 U.S.C. § 1391(b)(1). Venue is proper in transferee court as defendants Hoffmeyer and Ruddy reside in the Central District. *Id.*

### 2. Convenience of the parties and witnesses

■ Next the court must consider the convenience of the parties and witnesses. When evaluating the convenience of the parties and witnesses, the court should consider: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. *North Shore Gas Co. v. Salomon, Inc.,* 896 F.Supp. 786, 791 (N.D.Ill.1995). The moving party bears the burden of showing that the transferee forum is more convenient. *Chemical Waste Management v. Sims,* 870 F.Supp. 870, 876 (N.D.Ill.1994).

■ In this case, the convenience of the parties and witnesses weighs in favor of transfer. First, Carillo's entire case is based on alleged incidents that took place at the Dwight Correctional Center; thus, the Central District is the situs of all material events. In fact, the only connection that the Northern District has to this case is that Carillo and Darden reside here. Moreover, the records relating to this incident are located at the Dwight Correctional Center.

■ It is true that the Northern District of Illinois is Carillo's chosen forum. However, where plaintiff's chosen forum is not the situs of material events, plaintiff's choice is given consideration equal to other factors. *Robinson v. Town of Madison,* 752 F.Supp. 842, 847 (N.D.Ill.1990); *see also Heller Fin., Inc.,* 713 F.Supp. at 1129. Further, while a plaintiff's choice of forum is an important consideration in determining whether a motion to transfer should be granted, it is not absolute and will not defeat a well-founded motion to transfer. *Applied Web Sys., Inc. v. Catalytic Combustion Corp.,* No. 90 C 4411, 1991 WL 70893, at *3 (N.D.Ill. Apr.29, 1991).

### 3. Interests of justice

The "interest of justice" component "embraces traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses." *TIG Ins., Inc. v. Brightly Galvanized Prods., Inc.,* 911 F.Supp. 344, 346 (N.D.Ill.1996). It includes such considerations as the speed at which the case will proceed to trial and the public interest in having a case resolved in a particular forum. *Coffey,* 796 F.2d at 221. The administration of justice is served more efficiently when the action is litigated in the forum that is "closer to the action." *Paul v. Lands' End, Inc.,* 742 F.Supp. 512, 514 (N.D.Ill. 1990).

■ In this case, the interest of justice factor weighs in favor of transfer. There is no evidence that the case will proceed quicker to trial in either district. However, given that the alleged incident took place exclusively in the Central District and two of the three defendants reside in the Central District, the court finds that there is a greater public interest in having the dispute resolved in the Central District. In other words, the Central District is undoubtedly "closer to the action" than the Northern District.

### C. *Resolution*

■ Based on the above considerations, the court has determined that this case should be transferred to the Central District of Illinois. It is true that Illinois is Carillo's chosen forum. However, other considerations strongly outweigh the weight given that choice. The only connection this case has to the Northern District is that Carillo and Darden are residents of the Northern District. In contrast, the Central District is the situs of all of the material events; the records relating to this incident are located in the Central District; and the Central District of Illinois is undoubtedly "closer to the action" than the Northern District. Thus, the court finds that the convenience of the parties and witnesses and the interest of justice weigh in favor of transferring this case to the Central District.

### III. *CONCLUSION*

For the foregoing reasons, the court (1) denies defendants Robert Hoffmeyer and Joe Ruddy's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3); (2) denies defendants' motion to transfer pursuant to 28 U.S.C. § 1406; and (3) grants

defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a). Accordingly, the court transfers this case to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1404(a).