**Catherine DEIST and Richard Deist, Plaintiffs,**

v.

**WASHINGTON UNIVERSITY MEDICAL CENTER and Barnes–Jewish Hospital, Defendants.**

**No. 05–CV–492–WDS.**

United States District Court, S.D. Illinois.

Aug. 3, 2005.

---

**3.** The Governor makes no constitutional claim.

Thomas Q. Keefe, Jr., Thomas Q. Keefe, PC, Belleville, IL, and Robert S. Forbes, Alton, IL, for Plaintiffs.

Brian R. Plegge, Moser & Marsalek, St. Louis, MO, Daniel W. Farroll, Dawne K. Zupanci, Lisa K. Franke, Burroughs, Hepler et al., Edwardsville, IL, for Defendants.

## MEMORANDUM AND ORDER

STIEHL, District Judge.

Before the Court are defendants Washington University Medical Center and Barnes–Jewish Hospital's separate motions for change of venue pursuant to 28 U.S.C. § 1404(a), to which plaintiffs have filed a response and each defendant a reply.

---

**1.** Plaintiffs simultaneously filed this action in the Circuit Court for the Twenty–Second Judi-

This medical malpractice action was initially filed in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.[1] Plaintiffs allege that defendants were negligent in performing a blood patch and failing to diagnose and treat a post-procedure infection with respect to plaintiff, Catherine Deist. Defendants timely removed the action, and now seek to transfer this action to the United States District Court for the Eastern District of Missouri.

## ANALYSIS

Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The parties do not dispute that this action may be brought in either the transferee or the transferor district; rather, defendants claim that the convenience to the parties and the interests of justice favor transfer to the Eastern District of Missouri.

### I. Convenience of the Parties

 In determining whether transfer is proper for the convenience of the parties and witnesses, the Court considers: (1) the plaintiffs' choice of forum; (2) the situs of material events; (3) the availability of evidence in each forum; and (4) the convenience to the witnesses of litigating in each forum; and (5) the convenience to the parties of litigating in each forum. *Brunswick Bowling & Billiards Corp. v. Pool Tables Plus, Inc.,* 2005 WL 396304, at *5 (N.D.Ill. Feb. 16, 2005) (cite omitted). "A plaintiff's choice of forum is generally given substantial weight under § 1404(a), particularly when it is plaintiff's home fo-

cial Circuit, St. Louis City, Missouri.

rum.... Plaintiff's choice of forum is given less weight where another forum bears a stronger relationship to the dispute." *Id.*, at *5 (cites omitted).

■ Here, defendants claim that this action should be transferred because, *inter alia*, all of Catherine's medical treatment giving rise to her claim occurred in the State of Missouri, Missouri law will apply to this case, the medical records and bills pertaining to Catherine's care are kept in St. Louis City or County, the physicians and medical staff that provided care to Catherine reside in Missouri, and, by also filing their complaint in St. Louis City, plaintiffs have shown that they have the ability to bear the expense and inconvenience of proceeding to trial in Missouri. In response, plaintiffs claim that the defendants have not met their burden of proof, and that defendants may not rest upon mere allegations with respect to the factors outlined above.

The Court first notes that any argument with respect to the relative convenience to the parties and the witnesses of attending trial in either forum is unpersuasive, as the distance between the two federal courthouses in question is less than five miles.

With respect to the remaining considerations, defendants have indeed submitted evidence, specifically, the affidavit of Dr. Larry J. Shapiro, Executive Vice Chancellor for Medical Affairs of Washington University. See, (Doc. 6, Ex. C). Dr. Shapiro declares that all medical care and treatment rendered to Catherine by physicians that were employed by Washington University (improperly named as Washington University Medical Center) took place in the City of St. Louis or St. Louis County, Missouri, and that all medical records and bills pertaining to that treatment are maintained in Missouri.[2] *Id.* at ¶¶ 10–11. Dr. Shapiro further states that at no time were any medical treatment or services provided to Catherine by Washington University physicians in a place other than the State of Missouri. *Id.* at ¶ 12. Plaintiffs claim that "It is entirely possible... that many significant events relating to communications or contact with the Plaintiff during the period of time subsequent to her release from the hospital took place in the Southern District of Illinois...." The Court is not persuaded. Plaintiffs do not dispute that Catherine's treatment took place at Barnes–Jewish Hospital, which is located in St. Louis, Missouri. Based on the allegations in the complaint and the declarations of Dr. Shapiro, the Court is convinced that the situs of the events giving rise to this claim is the State of Missouri.

Finally, the Court is mindful that the plaintiffs' choice of forum is generally entitled to significant weight. Here, however, because the Court finds that the events giving rise to the claim occurred in Missouri and the defendants are incorporated under the laws of the State of Missouri and do not maintain their principal places of business in Illinois, plaintiff's choice of forum is entitled to less weight. See, *Brunswick Bowling*, 2005 WL 396304, at *5. The Court further notes that this Court is not the plaintiffs' chosen forum, as they initially filed suit in state court and the case is here on removal, and they also fled suit in the City of St. Louis.

## II. Interests of Justice

■ The Court must also consider the interests of justice, which include: (1) the Court's familiarity with the applicable law; (2) the speed at which the case will pro-

2. According to the affidavit, Washington University Medical Center is a separate and distinct corporation from Washington University and does not provide health care services, but that physicians employed by Washington University did provide medical care to Catherine.

ceed to trial; and (3) the desirability of resolving controversies in their locale. *Brunswick Bowling,* 2005 WL 396304, at *6 (cite omitted); *TIG Ins. Co. v. Brightly Galvanized Prods., Inc.,* 911 F.Supp. 344, 346 (N.D.Ill.1996).

 Here, it is likely that Missouri law will govern this dispute. See, *McGrew v. Pearlman,* 304 Ill.App.3d 697, 237 Ill.Dec. 702, 710 N.E.2d 125, 128 (1999) ("the law of the place of injury controls unless Illinois has a more significant relationship with the occurrence and with the parties").[3] A federal court sitting in Missouri would be more familiar with the laws of that state, and accordingly, this factor weighs in favor of transfer. See, *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 221 (7th Cir.1986) (it is "advantageous to have federal judges try a case who are familiar with the applicable state law"). In addition, the second factor, however slightly, also weighs in favor of transfer; the percentage of cases over three years old is 1.4% in the Eastern District of Missouri compared to 5.4% in the Southern District of Illinois. See, 2004 Federal Court Management Statistics, www.uscourts.gov. Finally, the Court notes that the Eastern District of Missouri has a substantial interest in this controversy as the action names as defendants two major health care providers in the St. Louis area.

### CONCLUSION

Upon review, the Court finds that the factors delineated above, when considered together, weigh in favor of transfer of this action. Accordingly, the Court **GRANTS** defendants' motions to transfer (Docs. 6, 11), and pursuant to 28 U.S.C. § 1404(a), **TRANSFERS** this action to the United States District Court for the Eastern District of Missouri.

**IT IS SO ORDERED.**

---

**3.** "A federal court sitting in diversity applies the choice-of-law principles of the state in which it sits." *Nelson v. Sandoz Pharmaceuticals Corp.,* 288 F.3d 954, 963 n. 7 (7th Cir. 2002).